Griggs *et al. v.* Gear.

*L. Trumbull,* for the plaintiff in error.

*J. Gillespie,* for the defendants in error.

DAVID R. GRIGGS *et al.*, appellants, *v.* HEZEKIAH H. GEAR, appellee.

*Appeal from Jo Daviess.*

Bills of review are in the nature of writs of error, filed in the same Court where the decree in the original cause was entered, calling upon the Court to review and reverse the former decree. They are of two kinds, *first,* for error of law, and *secondly,* upon newly discovered evidence. A bill of review may be brought for error of law, which is apparent upon the face of the decree itself, and no question is raised as to the propriety of the determination of the matters of fact, or the evidence upon which the decree is founded, but it is only upon matters of law arising upon the facts. So it may be brought, by reason of newly discovered evidence, and this evidence must be set forth, and it must be stated, also, that it has arisen since the final decree, or has since come to the knowledge of the party, and that he was guilty of no neglect in not discovering and producing it before. Furthermore, the evidence must not be cumulative, and must be of an important and decisive character, if not conclusive.

A party may bring a bill of review for error apparent, as a matter of right without out the leave of the Court; but allowing a bill of review for newly discovered evidence rests in the sound discretion of the Court.

Griggs *et al. v.* Gear.

An original bill in the nature of a bill of review may be brought for the purpose of impeaching a decree for fraud. It is a matter of right, and may be filed at any time without the leave of Court, and may be brought for fraud in fact or fraud in law. So, a bill partaking of the two-fold character of a bill of review for errors apparent and of an original bill in the nature of a bill of review to reverse a decree for fraud, may be filed without the leave of Court.

Before filing a bill for a review, the party who seeks to reverse the former decree, must have performed it; as, if it be for the delivery of possession of land, he must have done so; or, for the payment of money, he must have paid it. If, however, by complying with the decree, he would extinguish a right, as the execution of an acquittance or the like; or if the party show himself absolutely unable to comply with the decree, as, for instance, where he is required to to pay a sum of money, and he is insolvent, he may show the facts to the Court and get released from the performance before he files the bill.

In chancery, a party will be afforded relief where his appearance in the suit has been entered without authority, and where the solicitor is unable to indemnify the party for the damages which he must sustain by the unauthorized act; and that, too, whether the solicitor acts under a misapprehension of his duty, or misunderstanding of his authority, or from a fraudulent intent.

After a defendant has demurred to a bill of review, he cannot raise an objection to the right of the complainant to file the bill. To avail himself of such an objection, he should move the Court, on his first appearance, to strike the bill from the files, or to dismiss the suit.

BILL IN CHANCERY to review and reverse a former decree, &c., in the Jo Daviess Circuit Court, filed by the appellants against the appellee. There was a demurrer to the bill, and at the March term 1845, the Hon. Thomas C. Browne presiding, the demurrer was sustained and the bill dismissed at the costs of the complainants, who appealed to this Court.

The material portions of the bill appear in the Opinion of the Court.

*J. W. Chickering,* for the appellants.

Errors on the face of the record may always be taken advantage of by a bill of review. Story's Eq. Pl. § 403, and cases cited in the notes.

Though a bill of review could not originally be brought until decree performed and costs paid, there are, still, exceptions, and we bring ourselves within those exceptions. Story's Eq. Pl. § 406; 1 Vern. 264, side paging; 2 Johns. Ch. R. 491; 3 Barb. & Har. Dig. 54, § 104.

The Court had no jurisdiction of the person or subject

matter of the suit. The solicitors were not authorized to enter the appearance of the party, who had not been brought into Court by proper service.

A motion interposed to dissolve an injunction is not an appearance in the suit for any other purposes. 1 Barbour's Ch. Pr. 78; 1 Hoffman's Ch. Pr. 170.

That an attorney or solicitor has appeared without authority, is good ground to set aside a judgment at law or decree in chancery. *Cox* v. *Nichols*, 2 Yeates, 546; *Crichfield* v. *Porter*, 3 Hamm. 518; *Smith* v. *Bossard*, 2 McCord's Ch. R. 409; 3 Barb. & Har. Dig. 47, § 17; particularly if the attorney or solicitor is responsible. *Denton* v. *Noyes*, 6 Johns. 296; *Meacham* v. *Dudley*, 6 Wend. 514; *Rust* v. *Frothingham*, Bre. 258. So, also, in the case of the negligence, or ill advice of the solicitor. *Millspaugh* v. *McBride*, 7 Paige, 509; *Tripp* v. *Vincent*, 8 do. 179.

Where there is an adequate remedy at law, Courts of Equity will grant no relief. 1 Story's Eq. Jur. 620, § 670; 1 Fonblanque's Eq., Book 1, Ch. 3, § 3.

*Assumpsit* lies for the non-performance of an agreement to furnish funds to carry on a copartnership. Collyer on Partnership, B. 2, Ch. 2, §2, (1, 3.); Ib. 2, Ch. 3, §1; *Venning* v. *Deckie*, 13 East, 7; 8 Mass. 462; Story on Partn. § 218; Gow on Partn. 70.

After a bill is taken as confessed, the defendant has a right to have notice of all subsequent proceedings. *King* v. *Bryant*, 3 Mylne & Craig, 191; *Hart* v. *Small*, 4 Paige, 551; 1 Barbour's Ch. Pr. 479; Bennett's Ch. Pr.

After a defendant has *suffered* a bill to be taken as confessed, he may be relieved at the discretion of the Court. *Wooster* v. *Woodhall*, 1 Johns. Ch. R. 539; *Parker* v. *Grant*, Ib. 630; *Beckman* v. *Peck*, 3 do. 415.

*J. J. Hardin & D. A. Smith*, for the appellee.

I. Bills of Review are of two kinds:

1. Bills which seek to review or reverse a case for matter apparent on the record. In such cases it is in the nature of a writ of error; and the bill will not be sustained, unless the

error is so apparent that the case would be reversed if a writ
of error had been prosecuted.   Story's Eq. Pl. 322, 324;
2 Maddock's Ch. 536–8; 2 Smith's Ch. Pr. 48, 50, 53; Story's
Eq. Pl. §§ 403, 404, 405, 407; and

2. Bills which ask for review on account of newly disco-
vered testimony, applicable to the issue in the case when
tried.   Nor will it avail, or be permitted to allege new tes-
timony not applicable to the issue tried.   2 Mad. Ch. 536;
2 Johns. Ch. R. 488; 3 do. 124; 2 Smith's Ch. Pr. 59; Story's
Eq. Pl. § 412; 3 Barb. &. Har. Dig. § 27; 2 Har. & Johns. 230.

II.   This bill must be treated as a bill filed for error ap-
parent on the record.

1. It so states in the body of the bill;

2. It was filed without any leave first asked or had.   This
is a right in bills of review for error apparent.   2 Smith's
Ch. Pr. 53, and cases cited; and

3. It assigns various alleged errors in the case sought
to be reviewed.

Reasons why this is not a bill of review, alleging new
facts:

1. No leave to file bill was asked.   A bill alleging new
facts can only be filed after leave is first asked and obtained.
Story's Eq. Pl. §§ 412, 413; 2 Mad. Ch. 538; 1 Peters'
Dig. 367, §§ 17, 18, 19; 2 Smith's Ch. Pr. 56–7–8; 2
Vesey, 571;

2. No affidavit was made by complainants to the truth of
the bill.   If complainants rely on newly discovered testi-
mony, it is certainly requisite that they should state these
facts under oath, and not be permitted to open a decree by
the irresponsible allegations of counsel.   Story's Eq. Pl.
§ 412; 3 Paige, 206; and

3. The facts alleged to be new, are: 1. That Cowles &
Krum had no right to enter their appearance in the case;
and 2, That they were not partners with Gear, and have a
good defence to the suit, if they get another hearing with
new proofs.

Whether Cowles & Krum were their authorized attorneys,
was not in issue in the trial of the case, and therefore it is

not pertinent to the case, nor examinable by bill of review. *May* v. *Armstrong*, 3 Marsh. 263; *Talbot* v. *McGee*, 4 Monroe, 377; *Osborn* v. *United States Bank*, 5 Peters' Cond. R. 741.

As to their allegation that they were not partners with Gear; this was in issue. But no new fact is alleged which was not known to appellants at the time of the trial.

III. There are various reasons why the demurrer should have been sustained, owing to imperfections in complainants' bill of review:

1. The decree was for the payment of \$36,208·02 by complainants to Gear. This has not been paid. Now the authorities are explicit that " the decree must be complied with before a bill of review can be sustained." Story's Eq. Pl. § 406; 2 Smith's Ch. Pr. 54–5–6; 2 Johns. Ch. R. 488; 3 do. 124;

2. " If the party is unable to perform the decree, he must move for an order to stay what is proper to be stayed, and should swear to his inability." 2 Smith's Ch. Pr. 54–5; *Mellish* v. *Williams*, 1 Vernon, 117;

3. Decree was that appellants should pay the costs, which has not been done. "If costs have been decreed in the original cause, they should be paid before the bill of review is filed." 2 Smith's Ch. Pr. 54–5;

4. If appellants seek for review on allegation of newly discovered facts, still their bill is defective, and cannot be sustained. If this bill was an application to the Court for leave, it was addressed to the discretion of the Court. Story's Eq. Pl. § 412;

5. Neither a bill of review nor a writ of error will lie for any exercise of discretion in the Court. Story's Eq. Pl. § 417; 2 Madd. Ch. 538; 2 Duer's Pr. 474; Graham's Pr. 958; *Whiting* v. *U. S. Bank*, 13 Peters, 15; and

6. The bill should have stated all the facts constituting the defence of appellants. This is not done, but it is alleged that they have prepared answers which they wish to file in the case sought to be reviewed. These answers are not copied, nor is there any evidence that they were ever pre-

sented to the Court. The new facts should also have been sworn to. 1 Peters' Dig. 366, §§ 7, 13.

IV. The first paragraph of appellants' abstract states, this is in part a bill of review for errors apparent on the record, and in part an original bill to review, vacate and reverse a former decree upon matters *dehors* the record, and for fraud in procuring the said decree.

1. Now there cannot be any such amalgamation of bills; and "a plaintiff cannot put his bill in the alternative as a bill of review, or if the Court shall think it not so, then as a bill of revivor and supplement." 2 Smith's Ch. Pr. 53; 17 Vesey, 177; and

2. "A supplemental bill in the nature of a bill of review can only be filed on leave first granted by the Court. 2 Smith's Ch. Pr. 63, 64; Story's Eq. Pl. § 422.

The allegation of *fraud* is not sustained by any thing in the bill, record, or affidavits.

V. "The usual defence to a bill of review is a demurrer." 2 Smith's Ch. Pr. 55-6; Cooper's Pl. 215; 3 Paige, 206.

If demurrer is sustained, it has all the effect of confirming the decree, and terminates the suit. 2 Smith's Ch. Pr. 56.

The demurrer was properly sustained.

1. The question for consideration is not, whether the Court below properly decided the case on the proofs and merits; but whether there is error apparent in point of law, for which a writ of error would be sustained. Story's Eq. Pl. § 407; 2 Smith's Ch. Pr. 51; *Mellish* v. *Williams,* 1 Vernon, 166; *Filton* v. *Macclesfield,* Ib. 292; 3 Paige, 371; *Dougherty* v. *Morgan's Executors,* 6 Monroe, 153; 2 Maddock, 538;

2. If objection exists to the report of the Master, it should have been taken below, and if a report of Master is deficient, the defect cannot be cured upon a bill of review. 2 Maddock, 541; 17 Vesey, 183; 3 Barb. & Har. Dig. § 98;

3. The questions referred to the Master were all proper. *Quantum Damnificatus.* It is peculiarly proper for a Master to decide the compensation and damages to be allowed for violating a contract. 2 Story's Eq. Jur. 105-7;

4. All questions of litigation between partners are pe-

çuliarly cognisable in Equity. 1 Story's.Eq. Jur., 612, 614, 617; Story on Partnership, § 222;

5. As to laches of appellants. The report was made and decree entered on the 23d day of March, 1844. Appellants admit notice of both in their bill soon after the decree, in April, 1844. They might have applied to the Court at its next term to open the decree. R. S. Chap. 21, § 18; *Grubb* v. *Crane,* 4 Scam. 155. Having neglected to do so, it is too late to ask for redress by bill of review.

Chapter 21, § 15, Rev. Stat. gives appellants full remedy if. they were not served with process, or properly in Court on the rendering of the decree. Two terms of the Court intervened.before filing bill of review after they acknowledge notice. See Story's Eq. Pl. § 414.

VI. It is not competent or proper for appellants to allege that they had no notice of the suit.

1. An appearance is a waiver of want of service on defendant. 4 Paige, 439; 1 Barb. Ch. Pr. 81, 82.

2. In bill of review, appellants admit that Cowles. & Krum were their attorneys to bring common law suit against Gear. This is a branch of the same suit. Also admitted by Krum in his affidavit.

3. The appearance of an attorney without authority is binding. Breese, 258; 6 Johns. 34, 296; 1 Pick. 461–2; Graham's Pr. 44; 7 Pick. 137–8; 4 Monroe, 377; 3 Yerger, 408; 1 U. S. Dig. 328, §§ 70, 72, 73, 81, 84, 90.

4. A defendant cannot plead (after an appearance entered by an attorney), that he was not served with process. I Peters' C. C. R., cited in 1 Peters' Dig., 290.

5. Defendant's appearance may be entered by his solicitor. 1 Smith's Ch. Pr. 158.

6. An attorney may bring a second suit on a note after being non-suited on his general retainer. 12 Johns. 315; Graham's Pr. 46.

7. An attorney may bring a writ of error without consulting his client. 16 Mass. 74.

8. Courts will not grant new trials on account of the negligence or inattention of their attorneys. 1 J. J. Marsh. 471.

9. If there was no warrant of attorney, the Statute of

Amendments and Jeofails, section 7, page 49, cures the defect in the decree.    5 Peters' Cond. R. 741.

VII.   But the question of the authority of Cowles & Krum to enter appearance of appellants does not and cannot properly come up in this case:

1. If it is a newly discovered fact, yet it is not one pertinent to the issue then tried.

This bill of review being for error apparent, is like a writ of error; consequently, no question can be examined except what appears in the record.    On the record Cowles & Krum appear to be solicitors of appellants.

2. The right of an attorney to appear cannot be questioned in the Supreme Court, when it was not questioned in the Court below.    3 A. K. Marsh. 263; 5 Peters' Cond. R. 741; 4 Monroe, 377.

3. The proper remedy is, (in case Cowles & Krum were not authorized to appear,) to ask leave of the Court to open the decree at the next term.    Chancery Act, § 18; *Grubb* v. *Crane*, 4 Scam. 155.

4. Or, to ask leave within three years, under § 15, Chancery chapter, by filing affidavits, &c., in support of the prayer of the petition and bill.

The allegation of fraud made in the bill of review, is not sworn to, nor does it appear in any way on the record.

Cowles & Krum had authority to collect the claim on Gear. This is not denied in the affidavits of appellants accompanying the bill of review, but they enter a special plea of not having authorized them to appear in that particular suit.   Now, the claim having been entrusted to Cowles & Krum for collection, they were authorized, as attorneys, to bring and defend as many suits as were necessary to prosecute the claim to collection.   It was a matter, not a single suit, which was entrusted to them.

*J. Butterfield*, on the same side.

The Court will not extend the practice of filing bills of review.   They must be filed by leave of Court, unless founded

on errors of law, when they may be pleaded as a matter of right.   Story's Eq. Pl. § 420.

For cases of petitions for leave to file a bill of review, &c., see 2 Johns. Ch. R. 488, and 3 do. 125.

In this case, the bill was filed without the leave of Court, and it is a good ground of demurrer.

The Court will infer notice of the suit to the party.   If the party was aggrieved by an unauthorized appearance of solicitors in his behalf, application should have been made in the Court below to review the cause on that ground.

This bill cannot be sustained for the causes set forth therein.   The errors must be those of law, not because the decree was contrary to proof, &c.   2 M'dd. Ch. 537.

*A. Lincoln,* for the appellants, replied at length to the arguments of the counsel for the appellee.

The Opinion of the Court was delivered by

CATON, J.   In the first place, it is necessary to ascertain the nature and character of this bill, in order to understand by what principles we shall be governed in the determination of the several questions which have been raised by the defendant in support of his demurrer.   It is insisted by him that it is purely a bill of review, and must be governed by the rules which are applicable to such bills, while it is insisted by the complainants that although they have in some parts of the proceedings called it a bill of review, yet it is not so, strictly, but partakes partly of the character of a bill of review, and partly of an original bill.   Bills of review are in the nature of writs of error, filed in the same Court where the decree in the original cause was entered, calling upon the Court to review, and reverse the former decree. They are of two characters, *first,* for error of law, and *secondly,* upon newly discovered evidence.

*Firstly,* a bill of review may be brought for error of law, which is apparent upon the face of the decree itself.   In such a case no question is raised as to the propriety of the determi-

nation of the matters of fact, or the evidence upon which the decree is founded, but it is only upon matters of law as arising upon the facts, which are to be taken as absolutely true, as stated in the decree, that any question can be raised. By decree here, must be understood, not only the final judgment of the Court, but the pleadings also, the substance of which, according to the English practice, is recited in the decree. So that in passing upon the errors assigned, in the bill of review, the Court will look through the bill, answer, the facts as found, and determined in the original cause, and into the adjudication made thereon.

*Secondly,* a party may file a bill of review for newly discovered evidence. In such a case the bill must set forth the newly discovered matter, and that it has arisen since the final decree, or has since come to the knowledge of the party, and that he was guilty of no neglect, in not discovering and producing it before. The evidence must not be cumulative, and must be of an important and decisive character, if not conclusive, and most usually consists of documentary evidence. A party may bring a bill of review for error apparent as a matter of right without the leave of the Court; but allowing a bill of review for newly discovered evidence, rests in the sound discretion of the Court. It is, therefore, necessary to apply to the Court for leave to file this bill, which may be refused, although the new facts might change the decree, if the Court is of opinion, looking at the whole case, that innocent parties might be injured, or for any other satisfactory reason. Before filing a bill of review, it is necessary that the party should pay the costs of the first cause, and perform the decree, unless the party by performing the decree, would extinguish some right; such as executing a release or the like, or the party is unable, from some cause, to perform the decree, when upon special application, the Court may allow him to file a bill of review without complying with the decree.

There is another sort of bills for opening and reversing a decree in the same Court, very nearly allied to a bill of review, the object of which is to impeach the former decree

for fraud. This is an original bill in the nature of a bill of review, and is. a matter of right, and may be filed at any time without the leave of the Court. This bill may be brought for fraud in fact, or fraud in law. (Cooper's Eq. Pl. 96). There are other bills similar in their nature and objects; but it is unnecessary to mention them here. It is not unfrequently the case, that one bill partakes of the character of several of these and other bills. Such was the case of *Perry* v. *Phillips*, 17 Ves. 176, where Lord Eldon says: "There is no objection to this bill, as being, on the face of it, a bill of review and supplement, as in some cases, the bill must of necessity be both a bill of review and a bill of revivor, and in some, a bill of supplement also, in addition to these two descriptions." So also of necessity may a bill be filed seeking the reviewal and reversal of a former decree, partaking both of the character of a bill of review for errors apparent, and of an original bill in the nature of a bill of review seeking to reverse a former decree for fraud, both of which may be filed without the leave of the Court; as for instance, suppose a bill is filed against several defendants in which a decree is entered, which, as against one of the defendants, there is manifest error on its face, but as against the other defendants, there is no apparent error, but was in truth obtained by fraud. Such, we apprehend, is the true character of this bill, and it remains to be seen whether, as such, it can be sustained.

This original bill on which the decree which is sought to be reversed was entered, avers, that in 1835, the parties entered into an agreement of copartnership in the lead business at Galena, by the terms of which, Griggs & Weld were to furnish Gear with all the money which he should want, and Gear was to superintend the business at Galena, and ship the lead to Boston, to be sold by Griggs & Weld. From the terms of the agreement, so far as we can learn from the bill, Harback was to do nothing, either by advancing capital, or bestowing his personal attention upon the business. He undertook to do nothing, unless what the law would imply from his being named as one of the partners,

that he should share in the profits and loss of the business. The bill avers that Griggs & Weld refused to furnish capital according to the agreement, whereby Gear had suffered damage to more than one hundred thousand dollars. It no where avers that Harback had done any thing improper, or refused to do any thing that he had agreed to do. It states that Griggs & Weld had sued Gear for over $13,000 for goods furnished to him by them on account of said copartnership, which suit was sought to be enjoined by that bill. In 1839, without any authority from the defendants in the chancery suit, the attorneys of Griggs & Weld in the suit at law which was enjoined, entered a motion in the chancery cause to dissolve the injunction, which motion was overruled in 1841, and in 1842 a decretal order was entered directing a special Master to take proof of the allegations of the bill, and to ascertain and report the amount of damages to which the complainant was entitled, if any, by reason of the premises, against the defendants, or either of them. In 1844, the special Master reported, that by reason of the failure of the defendants to fulfil their part of the agreement, Gear had suffered a loss of $50,000, from which the Master had deducted $13,791·98, the amount of goods furnished by Griggs & Weld to Gear, leaving a balance due him from the defendants of $36,208·02, which report was approved by the Court, and the balance thus found decreed to be paid to Gear by all the defendants jointly.

The bill in this cause states the substance of the proceedings in the original cause, and makes an entire copy thereof, an exhibit, and assigns a variety of errors in the former decree, and prays that the same may be reviewed and reversed. To this bill a demurrer was filed, which was sustained by the Court, and the bill dismissed, which decision we are now called upon to reverse.

It has been before stated, as a bill of review, we cannot question the truth of the facts upon which the Court acted in making up the decree, nor of the mode in which the Court below came to the determination of the existence of those facts; but we are only to examine and see if the

questions of law arising on those facts have been properly determined. In doing this, however, we must look at the whole record, and if we find that the Court below found any facts to exist and acted upon them, which are not founded upon, or are inconsistent with the statements in the bill, those facts must be rejected, because if the averments in the bill do not warrant the judgment of the Court, there is an error on the face of the proceedings, for no proof could legitimately be given to entitle the party to more relief against any of the defendants than the averments in the' bill show that he ought to have. The proofs must necessarily be confined within the statements of the bill. Taking, then, all the statements of the bill to have been proved, and still they could not possibly have sustained the decree against Harback. By the complainant's own showing, he never violated the agreement of co-partnership in any way whatever. He was to furnish no money and was to do no act; nor is the least complaint made against him; and yet because Griggs & Weld failed to furnish Gear with the necessary funds as they had agreed, Harback is decreed jointly with Griggs & Weld to pay to Gear $36,208·02 damages. If, in truth, the business of the firm was broken up, and great damages sustained by reason of this default of Griggs & Weld, then was Harback entitled to a share of those damages, instead of being compelled to contribute to their payment. There is no intimation that Harback became obligated to Gear, any more than Gear did to him, for the faithful performance by Griggs & Weld of their part of the agreement. In this respect, then, there is manifest error in the original decree and sufficient to sustain this bill as to Harback, at least as a bill of review.

This bill shows that no process was ever served upon any of the defendants in the original bill filed by Gear; nor was publication made of the pendency of the suit under the statute; nor were they, in any other manner, brought into Court, nor did they ever authorize any solicitor to enter their appearance in that cause; nor was their appearance ever entered in any way in that cause, except that the attorneys of Griggs & Weld, in their suit at law, which

was enjoined by that bill, moved to dissolve that injunction, without ever paying any farther attention to the suit. We are not prepared to say, even if they had been specially retained to make that motion, that that was such an appearance of the defendants, as authorized the Court to take jurisdiction and proceed with the cause, without service or notice. Let that be as it may, however, it is certain that the attorneys who made that motion, were not retained by the defendants to appear in that suit at all; but so far from it, the defendants never knew of its existence till after the final decree was entered. It further appears, that those attorneys are irresponsible. Can it be tolerated for a moment, that parties are to be bound by a decree to pay more than $36,000 which is entered up behind their backs, and without even an implied knowledge of the existence of the suit, and without their having any adequate remedy over against any one? Can it be said, that the arm of equity is too short to reach such a flagrant case of injustice as this? Neither the law nor good conscience can tolerate such a conclusion. We cannot consent to attach such a sanctity to the character and conduct of a solicitor, that he may bind strangers without their privity or consent in proceedings which may be utterly ruinous to them, and without their being able to respond for the damages which they may occasion, no matter how honest may be their motives. If the fortunes of all our citizens are held by so frail a tenure as this,—if they may be utterly ruined without redress, either by the carelessness, the ignorance or the dishonesty of every one who may get a license to practice law in a country where there are so many facilities for obtaining a license as in this, it is quite time that every one should know it. Here, we have not been in the practice of requiring a written authority to allow a solicitor to enter the appearance of defendants in chancery, and we are bound to afford the party relief where his appearance has been entered without authority, and where the solicitor is unable to indemnify the party for the damages which he must sustain by the unauthorised act, and that too whether the solicitor act under a misapprehension of his duty, a misunderstanding

of his authority, or from a fraudulent intent. To the defendant it is the same thing. To him it is no difference, whether he is ruined by the mistaken notion of one whom he has never authorized to appear for him, or by the appearance of one who desires to injure him, and does it for that purpose alone. In the former case, there is not that moral turpitude, which is manifest in the latter, yet the mischief in the particular case is precisely the same. In the former case, it is a fraud in law, while in the latter it is fraud in fact; and in either case, especially if the solicitors be irresponsible as in this case, it is sufficient ground to open the decree and let the parties into a defence; and we should be inclined to adopt the same rule, even if the solicitors were not insolvent, and turn the complainant in the original suit over to the solicitor, if he had sustained damage by his unauthorized interference. In this case, there is no pretence of any improper motive on the part of the attorneys who entered the motion to dissolve the injunction; nor will we now say that they transcended their duty as attorneys in the suit at law, in making the effort to get it relieved from the injunction, that they might proceed with its prosecution; but if they did not, then they acted as attorneys in the suit at law, and not as solicitors in the suit in chancery. They were employed by Griggs & Weld alone to collect a debt from Gear of over $13,000, and not to subject Griggs, Weld and Harback to a decree of over $36,000 against them. If the entry of that motion was not an appearance for the defendants, then the decree was manifestly wrong for want of jurisdiction of the persons of the defendants. If it was an appearance, then it was without authority, and, as to them, was a fraud in law, and entitles them to relief.

We have already shown that this bill is of a character which does not require the consent of the Court to bring the suit before the bill is filed. It has been already stated that before filing a bill of review, the party who seeks to reverse the former decree must have performed it. As, if it be for the delivery of the possession of land, he must have done so; or for the payment of money, he must have paid it. If, however, by complying with the decree he would extinguish a right,

Griggs *et al. v.* Gear.

as the execution of an acquittance, or the like; or if the party shows himself absolutely unable to comply with the decree, as, for instance, where he is required to pay a sum of money and he is insolvent, he may show the facts to the Court, and get relieved from the performance before he files the bill. In this case it does not appear that the parties have performed the decree, nor was previous leave given to file this bill without performance, although the complainants aver in this bill their inability to perform; yet, if the defendant wished to raise that objection to the right of the complainants to file this bill, he should have moved the Court below, upon his first appearance, to have stricken the bill from the files, or to have dismissed the suit, and not went on and treated it as if it were regularly filed.   By demurring to it he admits that it is properly in Court, and only objects that the statements in the bill show no ground for relief.   The performance of the decree is not necessary to the jurisdiction of the Court, but was merely a personal right, which the defendant might have insisted upon, and which he should have urged at a proper time.   He has chosen, however, to rely upon the insufficiency of the case as presented by the bill, and having consented to enter upon the merits of the controversy, he must abide the result.

A question was made, upon the argument, of the propriety of the proceedings before the Master; and such is one of the errors assigned in this bill, but the propriety of his practice is not the subject of review in this mode.   Upon the report of the Master, the Court below found the existence of certain facts upon which it pronounced its decree, and we cannot now inquire whether it decided properly in the ascertainment of these facts; but we can only see if it pronounced the law properly upon the facts which were presented in the complainants' bill, and thus found.

The decree of the Court below, sustaining the demurrer and dismissing the bill, must be reversed, and the cause remanded for further proceedings, each party to pay one half of the costs of the appeal.

*Decree reversed.*