PATRICK SCANLAN
v.
BRIDGET SCANLAN.

*Divorce—Process—Service of—Fraud.*

1.  Upon an appeal from a decree entered in behalf of the complainant in a bill in the nature of a bill of review, filed to set aside a former decree of divorce obtained by the defendant against said complainant, this court holds that in view of the evidence, the return upon the summons in the original suit which from the recital in the record must be taken to have been in proper form to show a good service, can not be impeached, and that in view of the evidence the decree setting aside the decree of divorce can not be interfered with.

2.  Likewise that appellant was guilty of fraud in representing to the appellee that his suit would not be prosecuted, and that she relied upon his representations.

[Opinion filed April 8, 1891.]

APPEAL from the Superior Court of Cook County; the Hon. HENRY M. SHEPARD, Judge, presiding.

Messrs. CRAFTS & STEVENS, for appellant.

Messrs. GIBBONS & KAVANAUGH and THEODORE G. CASE, for appellee.

GARY, J.  The decree appealed from was entered upon a bill in the nature of a bill of review, filed to set aside a former decree of divorce obtained by the appellant against the appellee.

The appellee, to sustain the present decree, relies upon two grounds: First, that there was no service of process upon her in the first suit; second, fraud by the appellant in representing to her that the suit would not be prosecuted, on which representation she relied.

As to the first ground, it is sufficient to say that the original summons is lost from the files of the former suit; that the

record there recites personal service "according to the statute
in such case made and provided;" and that the proof in this
case shows that in fact it was served, by delivering a copy of
it at the usual place of abode of the appellee, with a person of
the family above the age of ten years. . True, that person
says now, that the deputy sheriff said nothing when he left
the paper; yet she knew it was a summons in the case of her
father against her mother.

It clearly appears that the appellee knew the fact, before
the decree, that the suit was pending. Under such circum-
stances the return upon the summons, which from the recital
in the record must be taken to have been in proper form to
show a good service, can not be impeached.

In Brown v. Brown, 59 Ill. 315, the contradiction of the
return was on the day after a default on an application to be
let in to defend. The principle of Davis v. Dresback, 81 Ill.
393, applies, for subsequent rights have intervened; by the
remarriage of the appellant and birth of children. But such
subsequent rights are not a bar to relief of the appellee, if the
former decree was obtained by fraud of a character that pre-
vented her from attempting a defense in the original suit.
Caswell v. Caswell, 120 Ill. 377.

Now as to that fraud, we might have been as well satisfied
if the Superior Court had found that it was not proved.

A perusal of the testimony of the principal witnesses,
children of the parties, leaves the impression that while the
divorce suit was pending, their sympathies were with the
father; since he has again married, they are against him. The
alleged fraud consists, as she says, and he denies, in his telling
her while the suit was pending, in effect, that he would not
prosecute it, and that they could live together as well as ever.
In the nature of things, there can be no corroboration of his
denial, and in corroboration of her statement, there is the
fact, if it be a fact, that they occupied the same bed while the
suit was pending, as testified to by some of the children,
except during intervals that the appellee was confined in
reformatory institutions, to which it is charged he caused her
to be sent without cause.

As the testimony of the witnesses on her behalf is read, they seem very reckless, but the court below saw them, and perhaps there was better reason to rely upon their statements than appears here.

From all the evidence that court has found that the parties lived together as husband and wife after the commencement of the divorce suit, and that he led her to believe that the suit would not be prosecuted, and that he did not intend to procure a decree of divorce from her.

The presumption is that the Superior Court, with better opportunities than this court has, determined rightly, and properly set aside the decree of divorce.

The decree appealed from is affirmed.

*Decree affirmed.*