## Augusta Willems v. Julius Willems.

1. EQUITY PRACTICE—*Bills of Review.*—A bill of review to review a decree on the ground of newly discovered evidence must specifically set forth the evidence and it must appear therefrom that it is evidence of an important and decisive character, and not merely cumulative. New evidence which simply tends to impeach the character or impair the credibility of witnesses, is not sufficient.

2. SAME—*Must be Filed by Leave of Court.*—A bill of review upon the ground of newly discovered evidence can not be filed without leave of court although fraud in obtaining the decree is also charged and although leave is not necessary to the review of a decree for fraud alone.

3. SAME—*Bill in the Nature of a Bill of Review.*—A bill in the nature of a bill of review brought to impeach a decree for fraud must disclose the circumstances constituting the fraud.

4. SAME—*Insufficient Grounds—Bill of Review.*—Evidence to impeach witnesses examined upon the original hearing or for the purpose of showing subornation or perjury of such witnesses is not a sufficient ground for allowing a bill of review.

**Bill to Set Aside a Decree for Divorce.**—Error to the Circuit Court of Cook County; the Hon. ELBRIDGE HANECY, Judge, presiding. Heard in this court at the October term, 1897. Reversed and remanded. Opinion filed December 16, 1897.

ROSENTHAL, KURZ & HIRSCHL, attorneys for plaintiff in error.

No appearance for defendant in error.

MR. JUSTICE SEARS DELIVERED THE OPINION OF THE COURT.

Defendant in error, formerly the husband of plaintiff in error, filed his bill in chancery in the Circuit Court of Cook County, on February 2, 1897, by which he prayed that a decree of divorce entered against him in another cause in said court on May 8, 1896, in favor of plaintiff in error, then his wife, might "be set aside and held to be void.". The bill was filed as an original bill, no leave to file having been asked or granted.

Three demurrers were sustained to this bill and its successive amendments. On April 21, 1897, defendant in error filed his last amended bill, to which plaintiff in error

demurred.    The demurrer was overruled.    Plaintiff in error elected to stand by demurrer.    The bill was taken as confessed, and final decree was entered in accordance with the prayer of the bill.    The only question presented upon this writ of error is the sufficiency of the bill upon demurrer.

The substantial allegations of the bill upon which the prayer for relief is based, are as follows :

" Your orator further represents and charges the fact to be that the said evidence of the said Augusta Willems and the said Alfred Pfiffner, adduced by them upon the said trial, to prove the charges of extreme and repeated cruelty against your orator, and the evidence upon which said decree was found, was false and perjured evidence, and manufactured by them for the purpose of procuring said decree, and that said decree is founded upon said false and perjured evidence only, but that your orator had, though using due diligence for the preparation of said trial, no means of making said fact known to this honorable court, at said time; but that since said time, and since the term of court at which said decree of divorce was rendered and entered, the means and witnesses by which said testimony can be shown to be false and perjured has come to the knowledge of your orator, and which he is ready and willing to produce upon the trial of this cause."

The bill also alleges that when said witnesses, Augusta Willems and Alfred Pfiffner, testified upon the former trial, defendant in error also appeared and testified, denying the facts there testified to by said witnesses.

There are but two possible theories, suggested by the allegations, upon which this bill could be founded, viz., to impeach for fraud or to present newly-discovered evidence. For the latter purpose a bill of review, and for the former a bill in the nature of a bill of review, would lie if properly framed.

But if a bill of review be to review a decree on the ground of newly-discovered evidence, that evidence must be specifically set forth; and it must appear therefrom that it is evidence of an important and decisive character, and not

merely cumulative.   Griggs v. Gear, 3 Gil. 10; Gardner v.
Emerson, 40 Ill. 296; Aholtz v. Durfee, 122 Ill. 286.

New evidence which simply tends to impeach the char-
acter or impair the credibility of witnesses, is not sufficient.
2 Beach. Mod. Eq. Pr. 860.

And leave of court must be obtained to file such bill.
2 Daniell's Ch. Pl. & Pr. 1577; 2 Beach Mod. Eq. Pr. 866.

And a bill of review upon the ground of newly-discovered
evidence can not be filed without leave of court, although
fraud in obtaining the decree is also charged, and although
leave is not necessary to the review of a decree for fraud
alone.   Schaefer v. Wunderle, 154 Ill. 577.

If a bill in the nature of a bill of review be brought to
impeach a decree for fraud, the bill must disclose the cir-
cumstances constituting fraud.   Cooper's Eq. Pl. 98; Story's
Eq. Pl., 8th Ed. 428.

Evidence to impeach witnesses examined upon the origi-
nal hearing, or for the purpose of showing subornation of
perjury of such witnesses, is not a sufficient ground for
allowing a bill of review.   Southard v. Russell, 16 How.
(U. S.) 547; Society of S. v. Watson, 77 Fed. Rep. 514.

In the former case the bill charged that one of the solic-
itors for the complainant in the original suit, obtained by
means of bribery, the testimony of a material witness in the
cause, and upon the faith of whose evidence the court was
induced to render its decision, and the court say : " Without
expressing any opinion as to the influence this fact, if pro-
duced on the original hearing, might have had, it is suffi-
cient to say that it does not come within any rule of chan-
cery proceedings as laying the foundation for, much less as
evidence in support of, a bill of review."

The bill here presented, when measured by these rules is
found insufficient.

Upon the bare allegation that the witnesses named testi-
fied falsely the court is invited to again adjudicate upon pre-
cisely the same matter presented in the former trial, viz.,
whether the witnesses in question or the defendant in error
told the truth as to the facts.   No new matter or circum-

stance of fraud, other than what was there passed upon by the court, is disclosed.

Nor is there any specific showing of what newly-discovered evidence is to be presented.

From the allegations of the bill the only presumption which can arise is that such evidence would be corroborative of the testimony of defendant in error, *i. e.*, cumulative.

The fact that the bill is filed as an original bill, and without leave, does not operate to supply the elements which are lacking.

The demurrer to the bill should have been sustained.

The decree is reversed and the cause remanded.