FRANK ADAMSKI

*v.*

JOHN WIECZOREK.

*Opinion filed December 22, 1897.*

1. REVIEW—*bill to impeach former decree for fraud may be filed as a matter of right.* A bill to set aside a former decree on the ground that it was obtained by fraud and subornation of perjury may be filed as a matter of right, without obtaining leave of court.

2. SAME—*proper practice on opening former decree under bill of review.* The proper practice on opening a former decree under a bill of review is, to hear the original cause and bill of review, with the evidence under each, together, and any other material evidence.

3. JUDGMENTS AND DECREES—*order opening former decree for rehearing is merely interlocutory.* An order of the court opening a former decree for rehearing under a bill of review, charging fraud and subornation of perjury in its procurement, is interlocutory, merely, and not the subject of appeal or writ of error.

*Adamski* v. *Wieczorek,* 66 Ill. App. 582, affirmed.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on writ of error to the Superior Court of Cook county; the Hon. THEODORE BRENTANO, Judge, presiding.

EDWARD J. WALSH, and ELMER E. PARKS, for plaintiff in error.

A. G. ANDERSON, and F. W. PROUDFOOT, for defendant in error.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

A decree was entered in the Superior Court of Cook county, dismissing for want of equity, at complainant's costs, a bill filed by John Wieczorek, defendant in error, against Frank Adamski, plaintiff in error. Afterward the defendant in error filed the bill in this case against plaintiff in error to impeach and set aside that decree, and to obtain a rehearing of the matters alleged in the bill so dismissed, and for relief. The ground upon which it was sought to set aside the decree was, that it was obtained by fraud and subornation of perjury on the part of plaintiff in error, and perjured testimony procured and purchased by him for a consideration. An issue was formed, and upon a hearing of the testimony in open court the allegations of the bill were found to be true, the decree in the original suit, and all proceedings therein, were set aside and a rehearing of the matters involved was granted. The cause was then removed by writ of error to the Appellate Court for the First District, where the writ was dismissed on the ground that the decree opening the former litigation and permitting a further hearing was interlocutory. The correctness of that decision is the only question in the case.

The parties call the bill in this case a bill of review, and it is in the nature of such a bill. In *Griggs* v. *Gear*,

3 Gilm. 2, it was said that a bill to impeach a former decree for fraud is very nearly allied to a bill of review, and that it may be filed at any time as a matter of right. In *Boyden* v. *Reed*, 55 Ill. 458, a bill of this kind is termed a bill of review in the nature of an original bill. Whether such a bill is sustainable strictly as a bill of review or not, it will be entertained, and the court, upon a hearing, will secure to the parties their rights, whatever they may be. A bill of review ordinarily lies to reverse or modify a decree for error in law apparent upon its face or on account of new facts discovered since the decree. (*Knobloch* v. *Mueller*, 123 Ill. 554.) Where the ground alleged for the review of a decree is newly discovered evidence, it is necessary to apply to the court for leave to file the bill, and where the court has refused to grant such leave this court has entertained an appeal or writ of error. (*Hoig* v. *Thrap*, 84 Ill. 302; *Walker* v. *Douglas*, 89 id. 425; *Schaefer* v. *Wunderle*, 154 id. 577.) Such a refusal seems to be regarded as a final determination of the sufficiency of the alleged new matter, if proved, as a ground for reversing or modifying the decree. Of the same nature is an order striking from the files a petition alleging newly discovered evidence and asking for leave to file a bill of review. (*Cole* v. *Littledale*, 164 Ill. 630.) Such rulings have been treated the same as sustaining a demurrer to a bill and finally disposing of the case. In case of a bill of this kind it is not necessary to obtain leave of court, but it may be filed as a matter of right, and if, upon sustaining a demurrer or on hearing, it should be dismissed, the decree would doubtless be final.

If an issue is formed on such a bill and the cause heard, the court may open the original decree for a rehearing, and in that case will, upon final hearing, re-affirm it, or revise, reverse or modify it according to the equities of the parties. Upon opening the original decree it is a proper practice to hear the original cause and the bill of review, with the evidence under each, together, and

also any other material evidence. The evidence taken on the hearing of this bill, showing the false and perjured character of the testimony in the original case, would be competent and material on the final hearing on the merits. In *Chicago Building Society* v. *Haas*, 111 Ill. 176, the circuit court, under a bill filed to impeach a decree for fraud, set aside the decree and ordered an account stated between the parties. Substantial rights of the parties were there finally determined and an appeal was heard in this court. So, also, in *Allison* v. *Drake*, 145 Ill. 500, the decree on the bill of review definitely and finally determined the rights of the parties in the premises, ordered a conveyance and decreed an accounting. It was held that such a decree was final, notwithstanding the order for an accounting, and the appeal was properly taken. In *Axtell* v. *Pulsifer*, 155 Ill. 141, while the subject of appeal was not discussed, the bill was only filed to set aside a default and decree entered in pursuance of it, so that the parties might make a defense in the original suit, of which they had been wrongfully deprived. No further relief was sought under the bill, and so far as it was concerned the proceeding was ended. In this case, however, the rights of the parties in the matters in controversy had not been decided or settled by the decree opening the cause. The bill of review was still under control of the court, and upon final hearing the court might restore the parties to their former rights and again enter the decree set aside for the purpose of the rehearing, or such other decree as the evidence in the original cause and under the bill of review might require. The decree opening the original decree for a rehearing was interlocutory, merely, and not the subject of appeal or writ of error.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*