## Frank Adamski v. John Wieczorek.

1. CHANCERY PRACTICE—*Decrees Must Have Support in the Record.*
—A decree which has no support of evidence in the record as to facts
necessary to sustain it, either by specific finding of facts in the decree
itself by a certificate of evidence heard by deposition, or by evidence
heard before a master in chancery, can not be permitted to stand.

2. SAME—*A Mere General Finding Not Sufficient.*—A mere general
finding of the decree that the allegations of the bill of complaint are
true is not sufficient.

3. SAME—*Waiver of Jurisdiction.*—A party by voluntarily submit-
ting to the jurisdiction and going to a hearing upon the merits of the
cause, waives all questions as to the jurisdiction of the court over his
person.

4. SAME—*What is Sufficient to Vacate a Decree and Warrant a Re-
hearing of the Cause.*—The procuring of false evidence may be sufficient
as a ground constituting the fraud which will entitle a party complain-
ing to a rehearing, when it relates to a matter affecting the jurisdiction
of the court, especially where the fraud relates to the litigant's right to be
present and participate in the trial; as, where fraud is practiced in keep-
ing him away from the trial or a decree is obtained by fraudulent pro-
curement of the attorneys; but the rule does not apply where the false
testimony was merely evidence upon the issues tried and disposed of on
the original hearing.

5. SAME—*New or False Evidence on Bills of Review.*—New evidence,
or a showing that evidence heard was false, will not avail on a bill
of review, where such evidence simply tends to establish the issues
originally presented and disposed of, as where it is merely a matter of
reducing, or increasing by cumulation, the evidence heard upon such
issues.

6. SAME—*Where a Court of Equity Will Annul a Decree on Account
of Fraud.*—The acts from which a court of equity will, on account of

fraud, set aside or annul a judgment or decree between the same parties, rendered by a court of competent jurisdiction, have relation to frauds, extrinsic, or collateral to the matter tried by the first court, and not to a fraud in the matter on which the decree was rendered.

7. SAME— *What Will Not Suffice for a Rehearing, on a Bill of Review.*—The mere ability of a defeated litigant to show matters impairing the credibility of witnesses upon the original hearing, will not suffice for a rehearing upon a bill of review.

8. SAME—*Fraud in Procuring False Testimony.*—The fraud in procuring false testimony must relate to some matters extrinsic of the matters originally submitted in order to entitle a defeated party to a new hearing upon such issues by a bill of review.

**Bill of Review.**—Error to the Superior Court of Cook County; the Hon. JOHN BARTON PAYNE, Judge, presiding. Heard in this court at the March term, 1900. Reversed and remanded. Opinion filed March 5, 1901.

**Statement.**—The decree reviewed upon this writ of error was entered in a suit brought upon a bill of review or bill in the nature of a bill of review.

In August, 1890, defendant in error filed his bill of complaint against plaintiff in error in the Superior Court of Cook County, to obtain relief by having a warranty deed executed by himself and others to plaintiff in error as grantee, declared to be in effect a mortgage, given to secure a debt. On June 2, 1891, after a hearing upon bill, answer and replication, a decree was entered dismissing this bill for want of equity. The effect of this decree upon the issues presented by bill and answer, was to confirm the title of plaintiff in error under the warranty deed.

In 1893, defendant in error filed the bill now in question, by which he alleged that he had discovered that certain witnesses who had testified upon the hearing in the original cause had committed perjury, and that their testimony was false, and praying for relief by having the decree of June 2, 1891, set aside, and a new hearing of the cause ordered. Upon June 14, 1893, which was of the June term of the court, this bill was dismissed for want of prosecution and a decree for costs entered against defendant in error.

Upon January 17, 1894, on motion made after the expiration of the June, 1893, term, the order dismissing the

bill at defendant in error's costs was set aside and the cause was reinstated.

Upon September 16, 1895, a decree was entered in the cause, vacating the decree of June 2, 1891, and granting a rehearing on the original bill and bill of review.

The decree of September, 1895, was reviewed by this court upon writ of error in Adamski v. Wieczorek, 66 Ill. App. 582, and by the Supreme Court upon writ of error in same v. same, 170 Ill. 373. By both courts it was held that this decree of September, 1895, simply vacating the original decree and ordering a rehearing, was interlocutory in character, and not to be reviewed upon appeal or writ of error.

· Thereafter, upon October 23, 1895, a bill supplemental to this bill of review was filed, by which a transfer of the title to the premises in question to one Lobe, was alleged, and the removal by plaintiff in error of certain buildings from the land.

On January 14, 1896, plaintiff in error and Lobe filed answers to this supplemental bill, and on the same day Lobe was defaulted.

On February 18, 1896, the decree now reviewed was entered, which is in substance as follows:

"This day comes complainant by his solicitors, and defendant, Adamski, having filed his answer to complainant's bill of complaint in said cause, and complainant having filed replication to answer, and complainant by leave of court having filed supplemental bill of complaint herein, and having made said defendant and one Albert Lobe defendants thereto, and the court having ordered said defendant Adamski to answer said supplemental bill within twenty days from the date of the filing thereof, but having failed so to do, and that said defendant Albert Lobe having entered his appearance in said cause, but having failed to answer the said complainant's supplemental bill of complaint, that default of said Albert Lobe having been taken, the complainant's said supplemental bill stands as confessed against said defendant. And this cause having now come to be heard upon the bill of complaint herein, the answer of the defendant Frank Adamski thereto, and the replication of the complainant to such answer, and the complain-

ant's supplemental bill of complaint filed herein, and the court having heard the argument of counsel for the respective parties, and being fully advised in the premises, doth find: that the material allegations in the said complainant's original and supplemental bill are true; that the equities of this cause are with the complainant. It is therefore ordered, adjudged and decreed that the said deed of conveyance from the said Jan Wieczorek and Juliana Wieczorek, his wife. and Jacob Zalewski and Barbara Zalewski, his wife, to Frank Adamski, bearing date on the 18th day of June, 1890, of the said premises (premises described), be and the same is hereby declared a mortgage. It is further ordered, adjudged and decreed that the said deed of conveyance from said Frank Adamski and Antonio Adamski to Albert Lobe, bearing date of the 24th day of November, 1893, of the said premises. to wit (describing same), be and the same is hereby set aside and declared null and void as against the complainant, his heirs and assigns, as a cloud upon the title of the complainant. And for an accounting between the parties hereto, the court doth order this cause referred to Master Penoyer L. Sherman, Esq., to ascertain the amount of money, including principal sum and taxes, paid by said Frank Adamski on account of the property in controversy in this suit. Also to ascertain the fair value of the buildings and improvements upon said premises at the time the said deed in controversy was made as of that date, together with the rental value of said buildings and premises during the period from date of said deed until said master's finding; also to ascertain the value of the buildings now situated upon said premises, as of date it was placed thereon; that interest be computed at seven per cent on moneys paid and rentals; that the evidence heretofore taken on trial of this cause may be used by either party, and the right be allowed each to offer such new testimony as may appear necessary in said accounting."

The decree contains no specific statement of facts found by the court and no certificate of evidence heard was made by the court. No evidence by deposition appears in the record. No evidence was heard by the master upon the accounting, which bore upon the allegations of the original bill, save the evidence which had been taken upon the original hearing, and no evidence whatever to support the decree by showing any fraud or perjury practiced upon the original. hearing.

Adamski v. Wieczorek.

It is stated by counsel for defendant in error in briefs that counsel for plaintiff in error admitted the truth of the allegations of the bill of review in open court. No showing to this effect is made in the record.

WALSH & MCARDLE, attorneys for plaintiff in error.

ADELOR J. PETIT and MILLARD F. RIGGLE, attorneys for defendant in error.

MR. JUSTICE SEARS delivered the opinion of the court.

A decree having been entered upon the bill of review vacating the decree originally entered and ordering a rehearing, that decree was brought by writ of error to this court, and the judgment of this court dismissing the writ of error was afterward affirmed by the Supreme Court. Adamski v. Wieczorek, 170 Ill. 373. The effect of these decisions is to hold that the decree then appealed from was interlocutory in character, and hence not to be reviewed upon appeal or writ of error.

After that decision the cause proceeded upon bill of review, answers and replications and supplemental bill, to a final hearing, which resulted in the decree now presented for review.

The difficulty with this decree is that it has no support in the record as to facts necessary to sustain it. Neither by specific finding of facts in the decree itself, nor by certificate of evidence heard, nor by deposition, nor by evidence heard before a master in chancery, is there any evidence preserved which, in the slightest degree, tends to establish the allegations of the bill of review to the effect that the original decree was improperly obtained. The decree does contain a recital that plaintiff in error had not answered the supplemental bill, though ruled so to do. But the allegations of the supplemental bill present as new matter only the conveyance to Lobe and the removal of buildings. The material allegations of the bill of review as presenting grounds for a setting aside of the original decree and the entering of a decree of different nature, are

presented by the bill of review as first filed, and the answer of plaintiff in error stands thereto, denying these allegations. No default of plaintiff in error was entered.

The parties went to trial; therefore the cause must be treated as if an issue were joined upon the supplemental bill as well as upon the bill of review. Jackson v. Sackett, 146 Ill. 646.

Because the decree has no support of evidence in the record it can not be permitted to stand. White v. Morrison, 11 Ill. 361; Ward v. Owens, 12 Ill. 283; Baird v. Powers, 131 Ill. 66; Ryan v. Sanford, 133 Ill. 291; Jackson v. Sackett, 146 Ill. 646.

Nor does a mere general finding of the decree that the allegations of the bill of complaint are true suffice in this behalf. Glos v. Beckman, 183 Ill. 158.

It is contended by counsel for plaintiff in error that the order dismissing the suit at defendant in error's costs upon June 14, 1893, was a final order, and therefore that the court had no power to vacate that order and reinstate the cause at the January, 1894, term, no motion to that end having been made at the June, 1893, term.

The contention is sound and a citation of authority to sustain it seems unnecessary. But it is not decisive of the cause now, for plaintiff in error, by voluntarily submitting to the jurisdiction and going to a hearing upon the merits of the cause, has waived this question as to the court's jurisdiction of his person. Herrington v. McCollom, 73 Ill. 476.

It is also contended by counsel for plaintiff in error that the facts set up by the bill of review are not sufficient to warrant the relief prayed, *i. e.*, the vacating of the original decree and a rehearing of the cause.

The facts set up are that evidence upon the original hearing was false, and fraudulently procured by appellant. Fraud is a ground for vacating a former decree and granting a rehearing upon bill of review. And the procuring of false evidence might be sufficient as a ground, constituting the fraud, which would entitle to such relief, under some circumstances, as where it related to a matter affecting the

court's jurisdiction. Griggs v. Grear, 8 Ill. 2; Caswell v. Caswell, 120 Ill. 377.

Or where fraud is practiced in keeping a litigant away from the trial. Scanlan v. Scanlan, 41 Ill. App. 449.

Or where a decree is obtained at the trial by fraudulent procurement of the attorneys representing the parties. The Chicago Building Society v. Haas, 111 Ill. 176.

In each of which instances the fraud related to the litigant's right to be present and participate in a trial conducted in good faith.

But the rule does not apply where the false evidence was merely evidence upon issues tried and disposed of upon the original hearing. To permit a rehearing upon bill of review merely upon the ground that it could be established.that a witness upon the original hearing had testified falsely, and by procurement of the litigant who had prevailed upon the hearing, would be to make judicial proceedings interminable. The necessity of having judicial proceedings reach some end forbids such a rule of practice. It is well established that new evidence, or a showing that evidence heard is false, will not avail on bill of review where the evidence relied upon simply tends to the establishing of the issues originally presented and disposed of; in other words, where it is merely a matter of reducing, or increasing by cumulation, the evidence heard upon the issues. Griggs v. Gear, 8 Ill. 2; Caswell v. Caswell, 120 Ill. 383; Aholtz v. Durfee, 122 Ill. 286; Willems v. Willems, 72 Ill. App. 200; 2 Beach Mod. Eq. Pr. 860; Society v. Watson, 77 Fed. Rep. 512; Southard v. Russell, 16 How. 547; U. S. v. Throckmorton, 98 U. S. 61; Green v. Green, 2 Gray, 361; Pico v. Cohn, 25 Pac. Rep. 970; Traphagen v. Vorhees, 45 N. J. Eq. 41; Livingston v. Hubbs, 3 Johns. Ch. 124.

In U. S. v. Throckmorton, *supra*, the Supreme Court of the United States, after a careful review of the authorities, say :

" We think these decisions establish the doctrine on which we decide the present case; namely, that the acts for which a court of equity, will, on account of fraud, set

aside or annul a judgment or decree between the same parties, rendered by a court of competent jurisdiction, have relation to frauds extrinsic, or collateral to the matter tried by the first court, and not to a fraud in the matter on which the decree was rendered; that the mischief of retrying every case in which the judgment or decree rendered on false testimony, given by perjured witnesses, or on contracts or documents whose genuineness or validity was in issue, and which are afterward ascertained to be forged or fraudulent, would be greater, by reason of the endless nature of the strife, than any compensation arising from doing justice in individual cases."

The bill here under consideration was filed without leave of court, and whether it be called a bill of review or a bill in the nature of a bill of review, it stands upon the same ground as did the libel in Green v. Green, *supra*, and the bill in United States v. Throckmorton, *supra*.

The authorities cited also establish that the mere ability of the defeated litigant to show matters impairing the credibility of a witness upon the original hearing will not suffice for a rehearing upon bill of review.

The well established rule seems to be that the fraud in procuring false testimony must relate to some matter extrinsic of the issues submitted, in order to entitle the defeated party to a new hearing upon such issues upon bill of review. Thus, when it can be shown that the jurisdiction of the court has been imposed upon, or that the prevailing party by some extrinsic fraud has prevented the other litigant from having the issues submitted, or when collusion of the attorneys for the respective litigants appears, it may constitute such fraud as will entitle to a rehearing upon bill of review. When the defeated party has thus been prevented by fraud from having a trial of the issues, the ground may be regarded as sufficient; but if he has a trial of the issues, he must then be prepared to establish the truth and expose falsehood in relation to such issues. If he is unable thus to do, his relief is by way of a new trial granted by the trial court or on review by an appellate tribunal. Failing in all these, he is without further remedy upon such ground; for while injustice may result in instances under this rule of practice, yet

the courts have regarded such occasional injustice as an evil lesser than endless litigation upon the issue.

It is strenuously urged by counsel for defendant in error that our Supreme Court have announced a contrary doctrine in Adamski v. Wieczorek, 170 Ill. 373.   If this were so, we would surely be guided and controlled by such announcement.    But we do not so understand the decision cited.   In that decision but one question was presented and determined, viz.: was the order there presented for review an interlocutory or a final order.   And the court determined only that it was interlocutory.   It is true that the court did state in the opinion rendered that " the evidence taken on the hearing of this bill, showing the false and perjured character of the testimony in the original case, would be competent and material on the final hearing on the merits," but it did not define or undertake to define what the fraud in procuring perjured testimony must relate to in order to constitute valid ground for a rehearing upon bill of review.   The decision is entirely consistent with the earlier decisions of the same court upon the grounds essential to the sustaining of a bill of review.

Because the decree is not sustained by evidence or finding of facts which would warrant the relief, it is reversed and the cause is remanded.