## Benjamin J. Johnson v. The Anna Building & Loan Association.

1. FRAUD—*when bill of complaint does not justify setting aside decree for*. A bill of complaint does not justify the setting aside of a decree for fraud where it does not appear that the complainant in such bill exercised diligence in protecting himself against the rendition of such decree.

2. BILL OF REVIEW—*what fraud will not sustain.* A bill of review seeking to set aside a decree predicated upon false evidence in relation to matters affecting the court's jurisdiction, will be sustained; but such a bill will not be sustained where it is predicated simply upon false evidence alleged to have been given with respect to the subject-matters at issue.

3. DECREE—*what does not justify setting aside.* Allegations which show an extension of the period of redemption, will not justify the setting aside of a decree of foreclosure.

Bill to set aside decree. Error to the Circuit Court of Union County; the Hon. WARREN W. DUNCAN, Judge, presiding. Heard in this court at the August term, 1906. Affirmed. Opinion filed March 15, 1907.

TAYLOR DODD, for plaintiff in error.

H. F. BUSSEY, for defendant in error.

MR. JUSTICE HIGBEE delivered the opinion of the court.

Plaintiff in error filed his bill in the Circuit Court of Union county to set aside a decree of foreclosure previously obtained against him, by defendant in error, on the ground of fraud practiced in procuring the decree and asking for an accounting. The bill also set up an agreement on the part of defendant in error to extend the time of redemption to plaintiff in error, under the sale, and a partial performance of such agreement by both parties.

The bill alleged that Johnson, the plaintiff in error, purchased the premises mortgaged, took stock in defendant in error association and obtained various loans to the amount of $900, pledging his stock and giving mortgages on the premises therefor; that the method of keeping the accounts was very complicated, so that the ordinary man could not know what earnings were due him under the by-laws of the association; that plaintiff in error being a man of limited education, could not ascertain from his pass book how his account stood, but was compelled to take the representations of the secretary of the association as to the amount due; that the association in its bill for foreclosure, filed October 31, 1901, alleged that plaintiff in error was indebted to it in the

sum of $600 at the time the mortgage for that amount, which was given to take up all previous indebtedness and mortgages, was executed, when in truth and in fact the total amount of indebtedness at that time was only $200.55, as the association then and there well knew; that complainant and his wife, who were made parties defendant to the bill for foreclosure, believing the representations of the association were true as to the amount due it, made default in said suit; that to sustain its bill for foreclosure the association introduced the written obligations entered into by plaintiff in error and also the evidence of D. W. Goodman, its secretary, who testified there was then due on said mortgage the sum of $570.62, when in truth and in fact there was only due $100.55, after deducting the dues and earnings therefrom as provided by the by-laws; that Goodman was secretary of the association all the time plaintiff was a member and made all the statements and representations in regard to the amount due the association and alleged to be false and untrue, which are complained of; that after the sale of the premises under the decree for foreclosure, on July 1, 1902, plaintiff in error still believing the representations made by the secretary as to the amount due were true, agreed with the association "that if it would extend the time to redeem the premises by paying to it $5 per month as dues, the complainant would redeem the premises and the defendant agreed with him to extend the time and accept as dues from him $5 per month, for the purpose of redeeming same"; that in pursuance of said agreement, plaintiff in error paid the $5 per month and the association received the same for eight months until the time allowed by law to redeem had expired, and it had taken out a deed to the premises; that afterwards plaintiff in error tendered to defendant in error the $5 per month up to that time and it refused to accept the payment in fraud of its agreement; that in 1904 the association began litigation against plaintiff in error to secure possession of said premises, when the complainant consulted counsel, had his pass books examined and learned for the first time of the frauds and misrepresentations of the defendant in obtaining the

mortgage and of the frauds and false testimony upon which the decree of foreclosure was rendered. The prayer of the bill was that the decree of foreclosure be set aside, the deed under it cancelled, the sale set aside and an accounting be had to ascertain the real amount due on the mortgage; that plaintiff in error be allowed to redeem said premises for the real amount due said association, which he offered to pay, and for general relief. A demurrer was filed to the bill which was sustained by the court. Plaintiff in error elected to stand by the bill and the court ordered that the same be dismissed for want of equity.

We are of opinion that the bill failed to make such a statement of fraud on the part of the association in regard to the amount due, as to entitle plaintiff in error to the relief sought. He was made a party defendant to the bill for foreclosure, which was filed October 31, 1901, and no reason is shown why he should not have investigated the condition of the accounts then or made his defense, if he had one, as well as to have waited until 1904, when the association commenced suit to recover possession of the premises.

Plaintiff in error in fact, while he says he was a man of limited education, does not appear to have exhibited any diligence whatever to have ascertained the condition of his account. It is said that he is compelled to rely upon the representations of the secretary but no good reason is stated why he was so compelled to rely, and it is not alleged that he was prevented either from examining the books of the association himself or if that would have been unavailing, from having any one else he desired examine them for him. It is charged that the decree of foreclosure was obtained upon the testimony of the secretary of the association, who swore falsely as to the amount due and this is the real fraud relied upon to sustain the bill of review.

Where the false evidence complained of is charged to relate to matters affecting the court's jurisdiction, a bill of review may lie (Caswell v. Caswell, 120 Ill., 377; Adamski v. Wieczorek, 93 Ill. App., 357). But the same rule does

not apply where the false evidence was simply evidence upon the issues tried and disposed of upon the original hearing. Evidence to impeach witnesses examined upon the original hearing is not sufficient ground for allowing a bill of review. Willems v. Willems, 72 Ill. App., 200; Adamski v. Wieczorek, *supra*.

It is unnecessary for us to discuss the question whether the allegation that the association agreed with plaintiff in error to extend the time of redemption upon the payment of $5 monthly dues, did or did not constitute a valid agreement to extend the time of redemption of which plaintiff in error could, under a proper bill, avail himself. The prayer of the bill here is that the decree of foreclosure be set aside, that the deed be cancelled and sale set aside and that an accounting be had, and that plaintiff in error be allowed to redeem said premises upon paying the true amount found to be due, upon an accounting. The allegations of the bill in regard to the extension of time of redemption would not entitle the plaintiff in error, in any event, to have either the decree or the sale set aside, or an accounting to be had. The most that could be claimed under this allegation, under a proper bill to redeem, would be the right to redeem upon payment of the amount found due by the decree of foreclosure, together with interest, costs, etc.

We are of opinion the court below properly sustained the demurrer to the bill and its decree will be affirmed.

*Affirmed.*