SAUM *et al. v.* STINGLEY *et al.*

On a bill to review a decree in chancery, on the ground that error is apparent on the face of the decree, the decree is to be treated as including the bill, answer, and other proceedings, (except the evidence at large,) and they may be looked into, for the purpose of ascertaining whether the alleged error exists.

In such a case, it is not permitted to go into the evidence at large, either to support the decree, or to sustain an objection to it.

Where, in March, 1855, certain heirs filed their bill for the specific performance of a parol contract for the sale of certain real estate, made with their ancestor, which bill alleged that the ancestor died in February, 1853; that the contract was made *about* two years and ten months previous; that the land was paid for by the ancestor, and he took possession of the same before his death; that the land was to be paid for in labor; that the labor had been performed; that respondent had declared since said purchase, that he was about paid for the land, and would have to make a deed; and that the ancestor was in possession at the time of his death; and where the respondents answered, denying the allegations of the bill, and after a hearing, the respondents were required to specifically perform the contract; and where the respondents filed a bill to review the decree, on the ground of error apparent on its face, which bill was dismissed for the want of equity; *Held,* that the bill was properly dismissed.

After a final decree, defective averments in the bill as to time and circumstances, are not of such a substantial character, that they can be reached by a bill of review.

*Appeal from the Jones District Court.*

IN March, 1855, the defendants, as the children and heirs of Andrew Stingley, deceased, filed their bill in chan-

cery against complainants, seeking the specific performance of a parol contract for the sale of certain real estate therein named. To this bill, respondents appeared and answered, denying specifically the allegations of said petition. The cause was heard at the September term, 1855, on the pleadings and evidence, (as appears from the decree,) and the respondents required to specifically perform the said contract. Previous to the September term, 1856, (but what date is not shown,) respondents (now complainants and appellants) filed this, their bill of review, (fully stating the previous proceedings,) to set aside said decree. At that term a motion was made to dismiss the bill, for want of jurisdiction and want of equity, which was sustained, and complainants appeal.

*W. J. Henry*, for the appellants.

*Whitaker & Grant*, for the appellees.

WRIGHT, C. J.—The basis of this bill is an alleged error in law, apparent on the face of the original decree, and not from any new fact or facts which have arisen since the rendition thereof. And this error is claimed to be shown in this: that from the decree, the contract was manifestly void by the statute of frauds. In determining this question, are we confined in our examination to the decree itself, or may we look into the entire proceedings, including the bill, answer, and other proceedings constituting the record? In England, the decree recites the substance of the bill and pleadings, and the facts on which the court found its decree. In this country, however, decrees in chancery are usually general, without any such particular reference or statement of facts. And yet, as we understand it, under our practice, on a bill of review, the bill, answer, and other proceedings, are as much a part of the record as the decree itself. It is not permitted to go into the evidence at large, either to support the decree or to sustain an objection to it, under either practice; for this would permit the inquiry, whether the

deductions of the court were right or wrong from the evidence, whereas the true inquiry is, whether the decree is right or wrong on the face of it. *Whiting* v. *Bank of United States*, 13 Peters, 6; *Perry* v. *Philips*, 18 Ves. 178. It will be seen, therefore, that the practice in both countries is substantially the same. In the one, the decree recites those matters which, in the other, constitute the record, and virtually become a part of the decree; and therefore, when under our practice we speak of such a bill, as being brought to correct an error apparent on the face of the decree, the decree is to be treated as including the bill, answer, and other proceedings, (not including the evidence at large;) for it is only by a comparison with such proceedings, that the correctness of the decree itself can be ascertained. Story Eq. Pleadings, § 407, citing the following: *Tomlinson* v. *McKaig*, 5 Gill, 258; *Dexter* v. *Arnold*, 5 Mason, 311; *Webb* v. *Pell*, 3 Paige, 368; *Hollingsworth* v. *McDonald*, 2 Harr. & John. 230. In the case before us, the original bill charges a parol contract for the conveyance of the land; that it was paid for by the ancestor, and that he took possession of the same before his death. The answer denies all the allegations of the bill, but does not set up the statute of frauds. Without stopping to inquire, whether such specific denial of the bill would give the respondents the right to insist upon such statute, without pleading the same, we conclude, for another reason, that there is no such error in law, apparent on the face of the decree or proceedings, as will justify this bill, and that it was correctly dismissed by the court below. The bill avers payment and possession of the premises by the ancestor. It is not so specific in its averments, as to the time and circumstances of possession, as the most strict rules of pleading would require. But such defects are not of such a substantial character, as can be reached after final decree, in a proceeding of this kind. Assuming, then, as we do, from the record, that there was payment of the purchase money and possession, the case was taken out of the operation of the statute.

Appellant's counsel insist, however, that this contract was

Saum et al. v. Stingley et al.

made before the first of July, 1851, and that, independent of the Code, such payment and possession would not give the party a right to relief.    On this subject, we need only say, that the record does not conclusively show that such contract and possession was made and taken before the Code took effect, and this should appear before the objection could avail, if available even under the law as it stood before that time. The bill alleges that Andrew Stingley died in February, 1853, and that the contract was made *about* two years and ten months previous; that it was to be paid for in labor; that the labor was performed; and that Saum has declared, since said purchase, that he was about paid for the land, and would have to make a deed; that possession was taken; and that their father was in possession at the time of his death.    The averment as to the time of the contract, would not preclude proof that it was made at another and different date.    The decree itself is silent on this subject, and the subsequent admission of Saum, as to payment, and his liability to make the deed, as well as the possession of the ancestor, which we can well assume were subsequent to the taking effect of the Code, we think relieve the proceedings of any supposed error in this respect, apparent on their face. Code, § 2411.

There are other considerations quite as conclusive, which might be referred to in support of the ruling of the court below, in dismissing the bill for want of equity.    But as the foregoing are, to our minds, entirely satisfactory, and dispose of the case, we need not place the opinion upon other grounds.

Judgment affirmed.