FREDERICK AHOLTZ

*v.*

JAMES H. DURFEE *et al.*

*Filed at Springfield September 27, 1887.*

1. BILL OF REVIEW—*requisites of the bill.* Where a bill is brought to review a former decree, it is necessary to set out the bill, answer and decree in the former proceeding. A mere skeleton of the record to be reviewed will not suffice. The bill should also show the point in which the party filing it feels himself aggrieved, but need not state the evidence in the former case.

2. SAME—*for newly discovered evidence.* In order to sustain a bill of review for newly discovered evidence, the new evidence must be of an important and decisive character, and must not be merely cumulative. If it is merely cumulative, and not decisive in its character, the bill will not lie.

APPEAL from the Appellate Court for the Third District;— heard in that court on appeal from the Circuit Court of Macon county; the Hon. C. B. SMITH, Judge, presiding.

Mr. H. PASCO, and Mr. B. I. STERRETT, for the appellant:

In this case, it is alleged in the bill that the witness Coon will corroborate appellant, and that his evidence will, or would, probably have produced a different result, and that it was not the fault of appellant that the evidence of said Coon was not produced on the trial; that he could not produce it, as he did not know of it until after trial and decree, and adjournment of court; that this evidence is material, and would, and will, produce a different result. All of this is admitted by the demurrer. In such cases appellant insists that he should have

AHOLTZ *v.* DURFEE *et al.* 287

Brief for the Appellees. Opinion of the Court.

had and should have a new trial. *Wilder* v. *Greenlee,* 49 Ill. 253; *Railroad Co.* v. *Schumacker,* 77 id. 583; *Boyden* v. *Reed,* 55 id. 458; *Holmes* v. *Statler,* 57 id. 209; Story's Eq. Pl. (8th. ed.) sec. 413.

Messrs. OUTEN & VAIL, for the appellees:

Leave of court is necessary to the filing of such a bill, and will not be granted without an affidavit that the new matter could not be produced by the party in the original cause. Story's Eq. Pl. secs. 412-415.

The former bill, and the proceedings under it, must be stated; the decree, and the point in which the party exhibiting the bill conceives himself aggrieved by it, and the ground of law upon which he seeks to impeach, or, if it be brought upon newly discovered evidence, the evidence must be stated. *Griggs* v. *Gear,* 3 Gilm. 2; *Gardner* v. *Emerson,* 40 Ill. 296; *Walker* v. *Douglass,* 89 id. 425; *Goodrich* v. *Thompson,* 88 id. 206; 3 Daniell's Ch. Pr. 1728; Adams' Eq. 879, 880.

The new evidence must not be merely cumulative, but must be of an important and decisive character, if not conclusive. *Griggs* v. *Gear,* 3 Gilm. 2; *Garrett* v. *Moss,* 22 Ill. 363; *Turner* v. *Berry,* 3 Gilm. 554; *Judson* v. *Stephens,* 75 Ill. 255.

The same rule applies as in motions for new trial at law. The newly discovered evidence should be supported by affidavits of the witnesses proposed to testify. *Fuller* v. *Little,* 69 Ill. 229; *Cowen* v. *Smith,* 35 id. 416; *Yates* v. *Monroe,* 13 id. 212.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was a bill in chancery to review a former decree of the circuit court of Macon county, rendered in a certain cause between the same parties. The defendants interposed a demurrer to the bill, which the court sustained, and the bill was dismissed. The complainant appealed, and the question to be determined is as to the sufficiency of the bill.

It is alleged in the bill, that the complainant is the owner of a certain lot in Decatur; that on the 26th day of June, 1877, the lot was sold for the taxes due thereon for the year 1876; that B. D. Durfee purchased the lot, and assigned his tax certificate to James H. Durfee, who subsequently obtained a deed for the lot; that in May, 1881, Durfee brought an action of ejectment to recover possession of the lot; that at the May term of the Macon circuit court, on the 27th day of the month, he recovered a judgment against the complainant for the possession of the lot; that on the 23d day of June complainant entered a motion for a new trial, which was allowed, on condition that complainant pay all costs within one year; that complainant, during the year, called several times at the office of the clerk of the court, with the money to pay the costs, but each time the clerk informed him that the costs were not made up, and the files had been taken out of his office, and he could not make up the costs until the papers were returned; that the files remained out of the clerk's office until the year expired; that in the absence of the files the clerk was unable to compute the costs, and he so informed the complainant. It is also alleged that on the 2d day of December, 1882, complainant paid the costs, but the court then refused a new trial; that Durfee made an effort to have the sheriff of Macon county put him in possession of the lot, and thereupon complainant filed his bill in equity, in the circuit court, against said Durfee and the sheriff, and asked an injunction, and prayed for a decree setting aside said tax deed, and offering to pay the amount paid out by said Durfee, and whatever additional amount the court might order, to allow him to redeem said premises, setting up the fact that he had tried to pay the costs, and that he was not guilty of negligence in reference thereto, and that the affidavit made by said Durfee, to obtain a tax deed, was void, for the reason it did not show when, where or how he had served the notice to redeem on appellant, and did not say whether he had served it personally

or by copy or by publication, and upon filing said bill, an injunction was granted, restraining the execution of the said writ of possession, and said defendant appeared and filed a demurrer to said bill, which demurrer was overruled, and thereupon the defendant filed answer, and the issues were made up, and said cause was, by the court, referred to the master in chancery to take proof, and make report, etc.; that in said cause, Durfee and his counsel admitted that the tax deed and affidavit were void, but made their sole defence that appellant had been guilty of willful negligence in not paying the costs in the ejectment suit within the year,—and this was the only material question tried in that case; that the evidence was taken before the master, and appellant then testified that he had gone to the office of said clerk in order to pay the costs, and the clerk testified for defendant and denied that appellant so applied to him; and appellant being then unable to corroborate himself, and knowing of no other than himself by whom he could make proof of that fact, said cause was heard by the court, on the evidence of appellant testifying, and the clerk denying the same; and there being no preponderance of evidence, the court, at the May term, 1885, to-wit, on June 5, 1885, dissolved said injunction, and dismissed said bill. It is then alleged that a writ for the possession of the property was placed in the hands of the sheriff, who is threatening to execute the same, and will do so unless restrained. The bill also states, that soon after said last named cause was decided, he, for the first time, learned the fact to be, that from March 13, 1882, to about September 1, 1882, one Lewis H. Coon, an attorney-at-law of Fort Scott, Kansas, who formerly resided in Decatur, Illinois, and was engaged in the office of said clerk, recording deeds, etc., and was there at work in the clerk's office at the time when appellant was calling, from time to time, on the said clerk, to ascertain the amount of costs in said ejectment suit, and saw appellant call and heard appellant talk to said clerk, and also said Coon himself talked with

said clerk in reference thereto, and also talked with said defendant, Durfee, in reference to said matter; that appellant could, in many respects, prove by said Coon what he himself testified to in reference to his attempts to pay said costs, and disprove by him the statements of said clerk in reference thereto. The complainant also alleges that he has received a letter from Coon, which contains a statement of what he knows in regard to the matter in dispute, which is made an exhibit to the bill; that had appellant known that he could make proof by said Coon, before the said last named cause was disposed of, he would have procured his testimony, and could and would have obtained a decree in his favor, but he knew nothing of such evidence until about June 26, 1885; that he expects to procure, and will procure, the evidence of said Coon, and avers that if he had known said Coon knew anything, he would have procured his testimony at said former trial, in said court, at the May term, 1885; and if he should have had Coon, or any other person, to corroborate him on the subject of paying the costs, or trying to pay, that the court would probably have decided said cause in favor of him.

The bill contains other allegations, but enough have been set out to show its scope and object. The bill contains a prayer for process, and for an injunction to restrain the execution of the writ of possession, for a new trial in the action of ejectment, that the tax title be set aside, and that the court find the amount complainant should pay Durfee, that he be permitted to take the evidence of Coon, and for general relief.

It is plain, from the bill, that the same question presented by this bill was litigated between the same parties in a former chancery proceeding. In the former case, there was a bill, answer, replication, proofs, a hearing, and a final decree against the complainant. It is not alleged in the bill that there are errors in the record of the former proceeding, or that the decree was obtained by fraud, but the *gist* of the bill is, that since the former decree the complainant has found a new wit-

ness, by whom he expects to corroborate his own testimony taken on the former hearing. In substance, it is alleged that the former chancery case turned on the question whether the complainant had made an effort to pay to the clerk of the circuit court of Macon county, within a certain time, certain costs; that upon that point complainant testified that he did offer to pay the costs, and that the clerk testified that he did not, and there being no preponderance, the court decided against complainant; that since the decision, complainant has discovered a witness, named Coon, who will corroborate complainant's evidence.

There are several fatal objections to the bill. A bill of review may be filed, in a proper case, upon newly discovered evidence, and this bill is pretended to be predicated upon that ground; but a brief reference to a few elementary principles will suffice to show that the allegations of the bill are not sufficient.

Where a bill is brought to review a former decree, it is necessary to set out the bill, answer and decree in the former proceeding. A mere skeleton of the record to be reviewed will not suffice. In Story's Eq. Pl. sec. 420, in speaking of the form of a bill of review, the author says: "In a bill of this nature, it is necessary to state the former bill and the proceedings therein, the decree, and the point in which the party exhibiting the bill of review conceives himself aggrieved by it." This court has announced substantially the same rule in a number of cases. *Gardner* v. *Emerson*, 40 Ill. 297; *Judson* v. *Stephens*, 75 id. 259; *Goodrich* v. *Thompson*, 88 id. 207; *Turner* v. *Berry*, 3 Gilm. 544. In the case last cited it is said: "From the very nature of the proceedings it is manifestly necessary to state all the proceedings in the original cause, except the evidence on which the court found the facts on which it proceeded to render the decree." In the *Emerson case* the same doctrine is declared, and it is also held, that where the bill is brought on newly discovered evidence, the

evidence must be stated. In this bill we find a mere skeleton of the proceedings in the former case. Neither the bill, answer nor decree is given. Under the authorities cited, if the bill was sufficient in other respects, the defect named would be fatal.

There is, however, another fatal defect in the bill. In order to sustain a bill of review for newly discovered evidence, the evidence must be of an important and decisive character, and must not be cumulative. In *Griggs* v. *Gear*, 3 Gilm. 10, in discussing this question, it is said: "The bill must set forth the newly discovered matter. The evidence must not be cumulative, and must be of an important and decisive character." From the allegations of complainant's bill, it is plain that the evidence of Coon is cumulative, and it is not of a decisive character.

The letter of the proposed witness, Coon, in regard to what his testimony might be as to complainant's efforts to pay the costs, is made an exhibit in the bill. In the letter is the following: "What was said by Fred to the clerk about this matter, or what the clerk said to Fred about it, I can not state. In a short time after this, Fred came into the office alone, and had some talk with the clerk about these costs; but what was said by Fred, or whether he offered to make the payment, I am unable to state." This evidence can not be regarded as decisive. Had it been introduced on the former trial it could add but little weight to that of the complainant, and in addition it is merely cumulative.

There are other objections to the bill, but we have pointed out enough to show that the demurrer was properly sustained.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*