Argued 23 December, 1902; decided 19 January, 1903.

### GARBADE *v.* FRAZIER.

[71 Pac. 136.]

BILL OF REVIEW—PLEADING FORMER PROCEEDINGS.

A bill of review for error of law can be sustained only for error apparent upon the face of the decree, without reference to the evidence, and in order to show that there was such it is necessary to set out in the bill, either in full or in substance, the proceedings in the former case.

From Multnomah: ALFRED F. SEARS, JR., Judge.

Suit by T. A. Garbade, J. H. Woodward and C. C. Palmer against William Frazier, sheriff, the Larch Mountain Investment Co. and the Bridal Veil Lumbering Co., to impeach a decree. A decree was passed for defendants on a demurrer to the complaint, and plaintiffs appeal.          AFFIRMED.

For appellants there was a brief and an oral argument by *Mr. Clinton C. Palmer, in pro. per.*

For respondent Larch Mountain Invest. Co. there was a brief over the names of *Watson & Beekman* and *George W. P. Joseph,* with an oral argument by *Mr. Joseph.*

For respondent Bridal Veil Lum. Co. there was a brief over the names of *William D. Fenton* and *Rufus A. Leiter*, with an oral argument by *Mr. Leiter*.

MR. JUSTICE BEAN delivered the opinion of the court.

This is a suit to impeach and set aside a decree of the circuit court of Multnomah County for error apparent upon the record, which decree was entered in pursuance of a mandate of this court in a case brought by the defendant the Larch Mountain Investment Co. against the plaintiff Garbade and others, decided March 17, 1902, and reported in 41 Or. 123 (68 Pac. 6). A demurrer to the complaint having been sustained, the suit was dismissed, and plaintiffs appeal.

The plaintiff's contention is that because the complaint in the suit in which the decree was given alleged that the money in controversy was deposited with the sheriff by the defendants for the purpose of redemption on January 27, 1900, and the findings and decree of this court state that the deposit was made on the 3d of March, it thus appears that there were two funds in the hands of the sheriff, and the decree, being based on the latter, was outside of the issues and invalid. Conceding that such a suit can be maintained, the decree must nevertheless be affirmed. The complaint in the present suit does not set out, either in full or in substance, any part of the proceedings in the former suit, except the complaint, the findings and decree of this court, and a general statement that defendants appeared and answered, denying the allegations of the complaint, without averring whether or not the answer contained new matter. It therefore does not appear that the date on which it is alleged the defendants made the deposit with the sheriff for the purpose of redemption was material. It was, of course, wholly immaterial, if in fact there was but one fund or sum of money so deposited for the purpose of the redemption mentioned, and but one transaction in reference thereto, and the pleadings subsequent to the complaint may have shown that fact. It will at least be so presumed in support of the decree. A bill of review for error of law can only be sustained for error

42 OR.—25

apparent upon the face of the decree, without reference to the evidence; and the complaint, answer and other proceedings may be looked into for the purpose of ascertaining whether the court erred as alleged, and therefore should be set out, either in full or in substance, in the complaint: 3 Enc. Pl. & Pr. 591; *Saum* v. *Stingley,* 3 Iowa, 514; *Goldsby* v. *Goldsby,* 67 Ala. 560; *Aholtz* v. *Durfee,* 122 Ill. 286 (13 N. E. 645). Story says: "In a bill of this nature, it is necessary to state the former bill, and the proceedings thereon; the decree, and the point in which the party exhibiting the bill of review conceives himself aggrieved by it; and the ground of law, or matter discovered, upon which he seeks to impeach it": Story, Eq. Pl. (9 ed.) § 420. And the form for such a bill given by Mr. Daniell in his work on Chancery Pleading and Practice (volume 3, 6 Am. ed. *2065) contemplates that the original bill should be set out, and at least the substance of the answer. The decree of the court below is affirmed.                                     AFFIRMED.