JAS. J. BYERS ET. AL. *v.* W. E. McDONALD.

[54 South. 664.]

1. NOTES. *Action on condition precedent. Tender. Waiver.*

Where a note is given payable, without condition, on a fixed date in part payment of a right to sell a patent when obtained by the payee, and a contract is entered into at the same time between the parties to the note, which contract does not make the securing of the patent a condition precedent to the liability on the note, 'the payee of the note may sue on the note when due, before the patent is secured.

2. SAME. *Waiver. Tender.*

Where in such case the maker of the note has notified the payee that he would not accept a transfer of the right to sell the patent, no tender of such transfer was necessary before suing on the note.

3. SAME.

Where it is clear that a tender will not be accepted, it need not be made.

4. CONFLICTING EVIDENCE. *Jury.*

Where the evidence on a material issue is conflicting, it is a question for the jury.

APPEAL from the circuit court of Harrison county. HON. W. H. HARDY, Judge.

Suit by Jas. J. Byers et al. against W. E. McDonald. From a judgment for defendant, plaintiff appeals.

The facts are fully stated in the opinion of the court.

*Dodds & Leathers,* for appellant.

We respectfully submit and insist that the grounds set out by appellee in his motion for the peremptory instruction granted in this case, are wholly insufficient to support said motion under the law controlling this case.

The first ground of said motion is as follows to-wit: ''Because the suit was instituted before the plaintiffs had any patent right to convey.''

We submit that a sufficient and complete answer to this ground of said motion is the terms of the contract, as a part consideration for which the note sued on in this case was given.

It will be noted that this is not a suit on said contract, but is a suit on the last one of the five hundred dollar notes which was given as a part consideration for said contract. By the terms of the contract, the note sued on in this case matured six months from its date, and of course it is elementary and beyond the pale of argument, that a cause of action accruing to the owners of said note, when the maker of it made default in the payment of said note at its maturity, and according to its terms. In this case, the note matured six months after its date and as it was not paid at its maturity, we take it that it is certainly true that the owners of it had a right to bring suit to enforce the collection of it, as soon as default had been made by appellee in making payment of it.

The second and last ground set up by appellee in his said motion for a peremptory instruction which was granted him by the court below, is in the following language, to-wit:

''Because under the agreement, it was the duty of the plaintiff to tender to defendant a conveyance to the patent to be used in Harrison county, and this the plaintiff has failed to do, and there was evidence introduced to show that said patent was never tendered by the plaintiff to the defendant.''

The sole reason why plaintiffs did not tender a conveyance of said patent to Harrison county, to the appellee, is as the evidence in this record discloses, that appellee notified appellant Davis, in writing, that he, the appellee, would not abide by said agreement, and that

he would not receive, or accept the conveyance for said patent, if the same was tendered to him.

"A tender is not necessary, where it appears that if made it would have been fruitless." See Am. and Eng. Law, vol. 128, pages 5, 6, 7, 8. See especially Vol. 28, page 7, sec. 2, and authorities cited thereunder.

As to the testimony in this record touching the material points of this case, we submit that a casual reading of the record will disclose the fact, that almost every material point in the case is controverted, and that the record is full of conflicting testimony on all of said points, and therefore it was a case for the jury.

Anderson, J., delivered the opinion of the court.

Appellants, J. J. Byers, W. A. Davis, and F. W. Bell, sued appellee on a promissory note for five hundred dollars, executed by the latter to appellants. After the testimony for both the appellants and appellee was in, the court instructed the jury to return a verdict for appellee, which was done, and judgment entered accordingly, from which appellants prosecute this appeal.

The facts necessary to be stated are: Appellants had applied for a patent for a certain device for treating shingles to preserve them. Appellee bought the right from appellants, to sell this patent, when procured, in Harrison county, agreeing to pay therefor one thousand dollars, for which he executed his two promissory notes to appellants, for five hundred dollars each, dated March 21, 1906, with six per cent interest from date, one due ninety days after date, and the other six months after date. The consideration cited in each is "value rec'd." On the same date these notes were executed, appellants executed to appellee this contract: "For and in consideration of one thousand dollars, five hundred dollars of said amount evidenced by negotiable note due and payable ninety days after date, the other five hundred dollars evidenced by negotiable note due and payable six

months after date, both of said notes to bear six per
cent interest until paid, we bind and obligate ourselves
to make proper deed or conveyance to W. E. McDonald
to the James Byers painting machine and apparatus to
Harrison county, Mississippi, giving him the sole right
to the sale in and for said county, said deed or convey-
ance to be made as soon as the patent to said machine
is secured, said patent now being applied for."

The suit here is on the second note. Appellee, besides
the general issue, interposed two special pleas, setting
up in one that the note was procured by false and frau-
dulent representation on the part of appellants, and in
the other a failure of consideration, in that at the time
the suit was brought a patent to the machine in question
had not been procured, and the right to sell it in Harrison
county transferred by appellants to appellee. Issue was
taken on the special pleas. There was square conflict
in the testimony of appellants and appellee on the issue
as to whether the note was procured by fraud. On the
issue presented by the other special plea there was no
conflict in the testimony. The record shows that the ma-
chine was patented July 2nd, 1907, which was after this
suit was brought, and that appellants never tendered ap-
pellee a transfer of the right to sell it in Harrison county
in accordance with the contract, but that the reason such
transfer was not tendered, was that appellee, before suit
was brought, had notified appellants in writing he would
not accept it, declaring the contract canceled.

Appellee's motion for a peremptory instruction is
based on two grounds: "First, because the suit was
instituted before the plaintiffs had any patent right to
convey; second, because under the agreement it was
the duty of the plaintiffs to tender to defendant a con-
veyance to the patent to be used in Harrison county, and
this the plaintiffs have failed to do as shown by the evi-
dence."

Appellants had the right, if not paid, to sue on the note after due. The contract, executed at the same time the notes were, and as part of the same transaction, does not (as it might have done) make, as a condition precedent to liability on the notes, the securing of the patent by the appellants. The notes were not payable conditionally, but absolutely. If it had been shown that for any reason appellants could not secure the patent, or had made default in their obligation to make every reasonable effort to secure it, a different question would be presented. No such defense was made. On the contrary, it is shown that the patent was secured before the trial in the court below. Under the facts of this case, admitted by appellee, appellants were not due to make him tender of a transfer of the right to sell the machine in Harrison county before suing on the note. Appellee had waived such a tender by notifying appellants in advance that he would not accept it. When it is clear that a tender will not be accepted, it need not be made. It would be "an idle and unnecessary ceremony." 28 Am. and Eng. Ency. Law (2d Ed.), 6, 7.

The court erred in giving the peremptory instruction. The case should have gone to the jury on the issue whether the note was procured by fraud.

*Reversed and remanded*