SPROLES v. STATE.

(Division A.   Nov. 2, 1936.)

[170 So. 293.   No. 32188.]

C. B. Greaves, of Canton, and Jack M. Greaves, of Madison, for appellant.

**Webb M. Mize,** Assistant Attorney-General, for the state.

**Smith, C. J.,** delivered the opinion of the court.

This is an appeal from a conviction of assault and battery with intent to kill.

The appellant's defense is that she acted in self-defense, the person (a woman) she is said to have assaulted having attacked her, and was beating her over the head with a hammer, inflicting on her several severe wounds, which she said she exhibited to a physician who treated her therefor. Over the objection of the appellant, this physician was introduced by the state; and, in answer to the question, "I want to ask you if you have ever been called, or have treated this woman here for any sort of a head wound of any kind," he replied, "No, sir." On cross-examination by the appellant's counsel, the witness said he treated the appellant for over three weeks for malaria. The objection to this evidence is that it is inadmissible under section 1536, Code 1930, which provides: "All communications made to a physician or surgeon by a patient under his charge or by one seeking professional advice, are hereby declared to be privileged, and such physician or surgeon shall not be required to disclose the same in any legal proceeding, except at the instance of the patient." This witness was not asked by counsel for the state to disclose any communication made to him by the appellant nor whether he examined her person, and, if so, what the examina-

tion disclosed. He simply denied having been asked by the appellant to, or that he did, treat a wound on her head; in other words, he simply denied the appellant's statement that he had treated her for a "head wound."

Affirmed.