MAJURE *v.* JOHNSON *et al.*

(In Banc. April 13, 1942.)

[7 So. (2d) 545. No. 34871.]

811

**A. B. Amis, Jr.**, of Newton, **W. W. Pierce**, of Jackson, and **Cameron & Wills**, of Meridian, for appellant.

814

816

**J. G. Holmes,** of Yazoo City, and **Brunini & Brunini,** of Vicksburg, for appellees.

Argued orally by **Ben F. Cameron**, for appellant, and by **E. L. Brunini**, for appellee.

**Roberds, J.**, delivered the opinion of the court.

This appeal is from a decree dismissing a bill of review for error apparent on the face of the record, seeking to set aside as invalid a decree pro confesso and a final decree thereon taken in the former suit, in which the Johnsons (man and wife) were complainants and Majure was defendant.

The decrees were taken upon a second amended bill. It is contended in the present bill that those decrees are invalid because (1) leave of court had not been obtained for filing the bills subsequent to the original, (2) that Majure had on file when the decrees were taken an answer which effectually denied the allegations of the second amended bill, (3) that if the second amended bill is a separate bill rather than an amendment to the former

bills that Majure was not in court to such second amended bill, and (4) complainants in the former suit did not deraign their title. The bill attached as exhibits thereto copies of all of the pleadings and proceedings shown by the record in the suit under review.

The Johnsons answered the bill of review. They admitted the bill exhibited true copies of all of the proceedings and records in the former suit, but denied the correctness of the conclusions of Majure drawn from such records. They set up that the bills subsequent to the original in the former suit were filed by agreements of counsel for the parties and that Majure was in court by such agreements; that the second amended bill was a separate, distinct bill and the answer to the original bill was not an answer to the second amended bill; that the parties claimed title through a common source, and that the bill of review could not be maintained because Majure had withdrawn a tender of money he had made in the former suit. On the hearing of the bill of review the chancellor admitted, over objection of Majure, testimony of verbal negotiations and written communications had between counsel for the parties during the course of the former suit bearing upon the filing of the two amended bills and the right to plead thereto.

These issues require us to summarize the former pleadings and proceedings.

The original bill was filed September 29, 1939, and, in substance, alleged that complainants, the Johnsons, owned 145 acres of land in Yazoo County, and that on September 1, 1939, they had an oral understanding with Majure, the defendant, under which they would execute to Majure a one-half interest in the oil, gas and mineral rights in 72.5 acres of said lands for a consideration of $650, of which $25 was to be paid in cash and the balance to be paid by September 6th thereafter; that Majure was to prepare the written lease, and he did prepare and they executed it September 1, 1939; that they were ignorant and Majure was learned in such matters; that Majure

represented to them the written lease was in accordance with the oral understanding; that they did not know its provisions and relied upon his representations; that the representations were untrue and were wilfully made for the fraudulent purpose of misleading the Johnsons and did mislead them; that they were false in that the written lease covered 145 acres instead of only 72.5 acres and recited the full consideration had been paid, whereas only $25 thereof had been paid. The bill prayed for a cancellation of this lease and tendered the $25 into court.

Majure's answer admitted the oral negotiations but claimed they included the entire 145 acres; admitted he prepared the written lease but said it was in accordance with the prior understanding except that there was an error in the description of the land; denied all false and fraudulent statements; denied the Johnsons did not know the contents of the lease and that they relied upon any statements made by him; asserted that a prior lease had been given by the Johnsons to one J. P. Evans and the lease to him would be subordinate to the Evans lease; that the Johnsons wanted to sell him their entire remaining rights but he preferred to purchase only a one-half interest. He then said that because of the erroneous description in the lease of September 1st he had a further conference with the Johnsons and it was agreed another lease with a correct description would be executed; that he prepared this lease and the Johnsons executed it and he then paid them $300 additional cash, balance to be paid later; that both of these leases were recorded; that he then discovered there was yet an error in the description in the second lease and a third conference was had, when it was agreed he would search the records and ascertain a correct description of the Johnson lands and prepare a third lease with a correct description and leave it at a bank in Yazoo City to be executed by the Johnsons, upon payment to them by the bank of $625 which Majure was to deposit at the bank along with the new lease, the Johnsons having returned to him, when these negotiations

were had, the $300 he had previously paid them on the second lease; that the lease and deposit were made at the bank but the Johnsons did not execute the lease and receive the money.

Majure made his answer a cross-bill, tendered the $625 into court and prayed for a decree correcting the description in the executed leases. No process was issued on this cross-bill, and no plea was filed thereto.

On March 4, 1940, the Johnsons, without leave of court, filed what they termed an amended bill. It reiterated the allegations of the original bill pertaining to the lease of September 1st, including the false representations, but omitted the allegation of fraudulent purpose attributed to Majure in the original bill. It then stated that on September 5, 1939, Majure represented to them that the September 1st lease contained an erroneous description and he had prepared a second lease with a correct description, which second lease conformed to the first lease except as to description, and with the previous oral understanding, and that complainants, relying on such representations, executed a lease dated September 5, 1939, without knowing its contents; that these representations were not true and constituted a fraud upon them; that this second lease included the 145 acres, whereas they thought it described 72.5 acres, and recited the full consideration had been paid, when only $25 thereof had been paid. It tendered the $25 and prayed for a cancellation of both leases. No process issued on this bill and no plea was filed thereto.

On June 13, 1940, the Johnsons, without leave of court, filed what they term a second amended bill, in which they re-asserted in substance the allegations of the original and first amended bills as to the circumstances underlying the negotiations for and execution of the two leases, including the erroneous representations by Majure and their reliance thereon, but omitted any allegation of intentional fraud on the part of Majure, and then grounded their right on mistake of fact and non-meeting of the

824

minds of the parties. They again tendered the $25 and asked for a cancellation of the leases. No process was issued on or plea filed to the bill.

On December 13, 1940, this decree pro confesso was entered:

"This day this cause coming on to be heard on motion of the complainants for a decree pro confesso on the Second Amended Bill of complaint herein filed, and it appearing to the satisfaction of the court that after answer filed to the original bill in this cause a Second Amended Bill therein was filed in vacation, and that due and proper notice of the filing of said Second Amended Bill, together with a true copy of said Second Amended Bill was mailed, postage fully prepaid and properly addressed, to Hon. W. W. Pierce, 605 Millsaps Building, Jackson, Mississippi, solicitor of record for the defendant, R. S. Majure, and that thereby an appearance by the said defendant to said Second Amended Bill was due on or before the first day of the December, A. D., 1940, regular term of this court, to-wit, on or before December 9th, 1940; and it further appearing to the Court that the said defendant has wholly made default in the premises, and is not in military service, it is therefore hereby ordered, adjudged and decreed that the said Second Amended Bill of complaint herein and all and singular the allegations thereof be, and the same are hereby taken as confessed against the said defendant, R. S. Majure."

A final decree was immediately taken thereon, without proof, cancelling the leases and ordering the $25 returned to Majure, less the costs, with which Majure was assessed.

Before the decrees were taken Mr. Holmes, solicitor for the Johnsons, had made and filed an affidavit that Majure was not in the military service, and a motion for the decree pro confesso, the factual recitals of which motion, as a basis for taking the decree pro confesso, are followed in that decree, and, therefore, are not repeated.

The record on the appeal discloses a letter, dated June 12, 1940, written by Mr. Holmes to Mr. Pierce. We

are not certain this letter was on file and a part of the proceedings in the former trial but we will assume it was. The letter reads:

"In re Dazzell Johnson et al. v. R. S. Majure.

"I am handing you herewith copy of second amended bill of complaint which I am filing in this cause. I am issuing no process on this amended bill, and will not do so unless you require it. I assume, however, that you will want to answer it to the June Term in the event it is still the purpose of Mr. Majure to contest the suit.

"With kind regards, I am."

It is contended by Majure that the so-called second amended bill was in reality nothing more than an amendment of the original and the first amended bills, and that his answer, which was then on file, constituted a denial of the material allegations of the second amended bill, and that no decree pro confesso could be taken on the amended bill.

It is contended by the Johnsons that the second amended bill was complete within itself, separate and distinct, with no reference to the former bills and that, therefore, the answer of Majure could not prevent the taking of the decree pro confesso on the second amended bill. To that contention, Majure responds that if this is true then Majure was not in court so as to permit the taking of the decree pro confesso at the time it was taken. Under either contention, the decrees were invalid. If the second amended bill was in fact only an amendment to the previous bills, the answer of Majure then on file denied the fundamental allegations thereof. The same facts underlie all three bills—the false representations of Majure, the belief therein and reliance thereon by the Johnsons and the variances in fact between the oral understandings and the written leases. They have the same foundation, but a somewhat different super-structure—under the wilful fraud representations a structure of rotten timbers; under false representations without wilful fraud a structure of knotted, third-class timbers,

and under the mistake of fact theory a misjointed and twisted structure. These are different results but the right of action is on the foundation and the answer denies all the elements of the foundation.

In Griffith's Mississippi Chancery Practice, Sec. 261, it is said:

"And since a pro confesso is in effect the equivalent of an answer incontestably admitting, but admitting only, the material averments of the bill it follows, first, that no such decree can be taken while any demurrer or plea or the equivalent of either remains undisposed of. These pleadings, although not strictly an answer to the bill, show that the defendant is insisting on all his legal rights, and moreover until they are disposed of the de-. fendant is not in default; and of course such a decree cannot be taken while an answer remains on file." City of Biloxi v. Lowery, 179 Miss. 364, 175 So. 200.

But accepting the contention of the Johnsons that the second amended bill was a separate, distinct and entirely new bill, the decree pro confesso could not be taken because Majure was not then in court so as to permit it to be entered. It will be noted the motion for the decree pro confesso and the decree itself recite that a copy of the second amended bill was mailed to solicitor for Majure. Neither the motion nor the decree states that such solicitor waived the issuance of process and agreed to answer. They both proceed on the theory that under Section 394, Code of 1930, the delivery to the solicitor of the opposite party of a copy of the new, separate bill is sufficient to bring the party into court and require an answer to such bill. That section reads:

"When a bill or petition is amended in vacation, after answer filed, and an answer to the amendment be necessary the defendant shall be allowed thirty days, after service of notice of the amendment, to answer; but if the amendment be made in term time or within thirty days of the coming on of a term time the answer thereto shall be filed within such reasonable time as the court

may allow or require, failing in which the matter of the amendment may be taken as confessed. The provisions of this section shall apply to matter brought in by supplemental bill or petition as well as to amendments. If the defendant or his solicitor be present in court when the amendment is made, or the supplement filed, other or formal notice shall not be required, and except as to new parties it shall not be necessary to serve any new summons on such amendment or supplement but a written notice personally delivered, or properly addressed and mailed postage fully prepaid to the solicitor of record of the party to be affected or to the party himself, shall be sufficient, provided, that a copy of said notice, with a certificate by the solicitor who gave the said notice showing the facts of service or mailing be filed among the papers.''

But that section does not apply to a separate distinct bill. It applies to amendments to bills and to supplemental bills, the office of which is to bring in new matter occurring since the filing of the original bill. Unquestionably the Johnsons were endeavoring to construct a new bill. Neither amended bill refers to any prior pleading. Each in form is complete within itself. In the letter transmitting to solicitor for Majure a copy of the second amended bill counsel for the Johnsons recognized that citation on such bill was necessary to get Majure into court upon it. But it was an error to assume, as the motion and decree pro confesso both did, that under Section 394 the delivery to opposing counsel of a copy of the bill was sufficient to bring opposing litigant into court.

But counsel for the Johnsons argue that counsel for Majure waived the citation and that under such waiver the decree could be then taken. The letter of June 12th assumes opposing counsel will waive the issuance of citation, but neither the motion for, nor the decree pro confesso, proceeds upon the assumption that there is a waiver. The decree itself, after reciting the mailing of the copy, states ''that thereby an appearance by the said de-

fendant to said second amended bill was due on or before the first day of the December, A. D., 1940, regular term of this court . . ." The decree is grounded alone on such mailing.

On the hearing of the bill of review counsel for the Johnsons testified that, not having heard from Mr. Pierce in response to the letter of June 12th, he wrote Mr. Pierce four other letters (introducing copies thereof) asking for a reply to that letter, and received a letter from Mr. Pierce, dated December 5, 1940, reading:

"Please pardon me for not answering your letter of the 22nd of October. I have had so much sickness in my family since last summer that I have almost quit my office.

"Since coming back to my office a week ago I have taken the matter of further defense to the above styled cause up with Majure and it seems that Majure desires to defend the suit.

"I want to get the matter out of the way at the December Term of your court, and will prepare an amended answer to the amended bill of complaint.

"I wish there was some way that we could settle this matter satisfactor— to all parties without having to try the case. I would be willing to recommend a give and take proposition to get the matter settled. That is if we could reach some kind of a division agreement that would be satisfactory to both Majure and the negroes.

"I will try to see you, Monday of next week and assure you that it will not be necessary for you to have process issued.

"With best wishes and kindest personal regards, I am,"

Court met December 9th. The Johnsons say this letter justified the decree pro confesso. This is the most favorable position of appellees and is not without strong appeal to us and we would sustain it if we could do so under applicable rules of pleading and proceeding. But we cannot sustain it for these reasons:

1. The decree pro confesso is not based on an agreement to waive citation and to answer. This letter was never filed in court or presented to the chancellor. It is no part of the record of the original suit. It was not considered. The procedure upon a bill of review for error apparent on the face of the record was stated in Enochs v. Harrelson, 57 Miss. 465, in these words:

"A bill of review for error apparent on the face of the decree is in the nature of an assignment of errors, on writ of error, and the error must appear on the face of the pleadings, proceedings, and decree, without reference to the evidence. The propriety of the decree, was not justified by the evidence, cannot be questioned by bill of review, which is not a substitute for an appeal from the decree. The question presented by a bill of review for error apparent is, whether the decree rendered is supported, taking everything as stated by the record, excluding the evidence, to be true. Under our system, all the pleadings, proceedings of record, and decree may be looked to on a bill of review for error apparent. The evidence cannot be. The authorities to this effect are numerous, and need not be cited. They all agree.

"A demurrer is the proper and usual defense to a bill of review for error apparent, for that amounts to an assertion that there is no error in the decree; or, if the decree sought to be reviewed is not fairly stated in the bill of review, a plea of the decree, and a demurrer against opening the enrolment, is the proper defence."

See Griffith Chancery Practice, Sec. 635; 19 Am. Jur. Title Equity, Secs. 423-427; Cole v. Miller, 32 Miss. 89; Knowland v. Sartorious, 46 Miss. 45. The usual bills of review are for error apparent on the face of the record and for newly discovered evidence. Griffith, supra, Sec. 635. The pleading to a bill for error apparent, where the record is not impeached or to be perfected, is by demurrer. Enochs v. Harrelson, supra; Griffith, supra, Sec. 635. Such bills extend to the pleadings and decrees and proceedings shown by the record. In the case at bar it is admitted the

bill exhibits true copies of all pleadings and proceedings in the former suit. The effect of this answer, as to such pleadings and proceedings, is a demurrer. It challenges the legal conclusions of the complainant. Evidence of conversations and communications between counsel prior to the decrees, not a part of the record, was incompetent. Griffith, Sec. 635, supra; Garbade v. Frazier, 42 Or. 384, 71 P. 136; Garten v. Layton, 76 W. Va. 63, 84 S. E. 1058. We are not dealing with a question of jurisdiction of, or fraud practiced upon, the court, nor does this mean that matters occurring after the decree, such as release, compromise, estoppel by acceptance of benefits of the attacked decree, or otherwise, may not be set up and proved as a defense to such attack. This may be done but these are matters occurring after the decree. Griffith, supra, Sec. 641. The bill here is for error apparent on the record.

2. If it be said the letter of December 5th was a substitute for summons to Majure on the second amended bill, it could not have required an answer at the term of court beginning December 9th, there being less than five days from its date and the first day of court (Section 2969, Code of 1930), and, of course, the cause would not have been triable at that term. Section 399, Code of 1930. If this letter was a waiver of the time for filing the answer and the basis of the decrees was an agreement of counsel, the reply thereto is that counsel for Majure did not agree that a decree pro confesso might be taken. On the other hand, the letter shows an intention to defend the suit, and, while he expressed a desire to try the cause at that term of court, he did not name any date by which he would answer. He certainly was not in default until the December term had passed without having answered.

3. It is said in the Enochs case, supra, that a bill of review for error apparent is in the nature of an assignment of errors, on writ of error, on appeal. Even though this letter were considered an agreement of counsel, signed by them, we would be precluded from considering

it under Rule 22 of this court, which reads: "No agreement between counsel will be regarded unless reduced to writing, and signed and filed by them." Also, Section 390, Code of 1930, providing that agreements may be a substitute for orders of the chancellor in such matters as enlargement of time for filing answers, continuances, etc., "if all the parties or their solicitors of record sign and file in the cause a written stipulation to that effect . . ."

It is next said that Majure withdrew his tender and this, in effect, was a withdrawal of his answer, and justified the rendition of the decrees. But this contention is met in this case by these answers:

(1) The only proof of such withdrawal is a general statement to that effect in a copy of a letter written by counsel for the Johnsons to counsel for Majure, and which, even if competent otherwise, comes within the foregoing rule prohibiting testimony dehors the record.

(2) This tender was in support of Majure's cross-bill—not his answer. His answer needed no tender.

(3) But the Johnsons say their second amended bill is a separate, distinct bill, having no connection with the original bill. In this view it is immaterial whether there was an existing answer to the original bill.

(4) It might be further stated in this respect that the cross-bill alleged the money was deposited at a bank, along with the new lease, to be delivered to the Johnsons when they executed the new lease, in accordance with their agreement so to do, and there is nothing in this record to show that deposit has been withdrawn.

It is further stated that the bill of review makes no tender. The bill attaches as exhibits thereto and a part thereof the answer and cross-bill in which offer of tender was made, both in court and deposit in the bank.

We think this is an expression of desire and abilitity to make the tender. The contentions of the Johnsons show they would not have accepted it if actually made on

filing the bill of review. Sovereign Camp v. McClure, 176 Miss. 536, 168 So. 611, 170 So. 293. The chancellor has the power to protect and enforce the rights and equities of the parties as the cause may progress hereafter.

Reversed and remanded.