LAUCHLY *v.* SHURLEY.

May 25, 1953

No. 38786        33 Adv. S. 25        64 So. 2d 898

*H. Chalmers Alexander* and *F. A. Anderson, Jr.*, for appellant.

*Gordon & Gordon,* for appellee.

HALL, J.

This is a suit for specific performance of the terms of an option granted by appellant to appellee on December 1, 1950, whereby the appellee was permitted to purchase within ten days thereafter 370 acres of land for a total consideration of $10,500.00 payable $3,500.00 in cash and $7,000.00 in equal annual installments over a period of ten years. Appellant lived in the city of Jackson but owned over 600 acres of land in Amite County. His sister lived on the Amite County land and he spent considerable time there. In fact, he was in Amite County when the option was granted. The option obligated the appellant to deliver to the appellee a good and valid warranty deed to the land, less three-fourths of the oil, gas and mineral rights, upon the tender of the said sum of $3,500.00 cash within the period of ten days and promissory notes for the remainder, as above stated, bearing interest at the rate of 5 percent per annum.

The option contained the following provision: "Notification by letter addressed to Ben W. Lauchly, Box 54, Route 3, Liberty, Mississippi, within the ten day period, will be such notification as required under this option that the said John T. Shurley intends to exercise the same. Date of postmark of said letter shall be deemed the date of delivery. Unless extended, this option will expire at midnight December 10, 1950."

The Chancellor was justified in finding the following facts from the evidence: That on Thursday, December 7, 1950, Shurley went and saw Lauchly at the home of Lauchly's sister and told him he was sure he would exercise the option, and Lauchly stated that he would remain

there until the time was up; that Shurley went back on Saturday, December 9, 1950, with the $3,500.00 cash on his person ready to close the deal, but Lauchly was gone; that on this occasion Shurley intended to carry Lauchly to Liberty, Mississippi, for preparation of the notes and deed; that Shurley again went to the home of Lauchly's sister on the morning of December 10th and Lauchly was not there; that Shurley returned to Liberty, Mississippi, and wrote Lauchly a letter wherein he notified Lauchly in accordance with the terms of the option that he desired to exercise the same, and this letter was mailed in the post office at Liberty, Mississippi, and was postmarked at 10 o'clock A. M. on December 10, 1950; that Shurley next saw Lauchly in the courthouse at Liberty, Mississippi, on December 20, 1950, and that Lauchly said he was ready to conclude the deal, but that he was in a hurry to return to Jackson and would not have time to wait and that Lauchly requested Mr. Joe Gordon to prepare the papers for concluding the deal and stated that he would return to Amite County the following Tuesday or Wednesday to close the matter; that on the same day Mr. Gordon prepared the notes and deed of trust and Shurley signed the same and had the cash money ready to pay over; that a short time later Lauchly's daughter wrote Shurley from Jackson that her father could not and was not able to sign any papers and that they wished to call off the sale of the land, and a short time thereafter Lauchly's attorney wrote Shurley and stated that Lauchly was no longer obligated and that Lauchly's daughter had written Shurley to this effect some two weeks after the date of the option.

Upon the trial the Chancellor granted the relief sought and from his decree Lauchly appeals. One contention of appellant is that the notes were not for the sum of $7,000.00 but were for the total sum of $7,400.00. This is explained by Shurley by his testimony to the effect that when discussing the deal with Lauchly, Lauchly stated that he had a quantity of wire fencing, paint and roofing

on the place that he would like to sell to Shurley, that Lauchly put a price of $400.00 on these materials and that Shurley agreed to pay that amount for them provided the $400.00 would be added to the total of $7,000.00 deferred payments and would be spread over the term of ten years.

The principal contention of appellant is that there was no tender of the cash or notes provided for in the option until the time of the trial, it being appellant's position that it was necessary that the cash and notes be tendered with the filing of the suit. It is not disputed that Shurley was able, ready and willing to pay the cash and close the deal on December 9, 1950, and that he has been ready at all times since to carry out the contract. It is evident from the testimony of Mr. Lauchly that he decided that he wanted to back out of his deal with Shurley; that he desired to keep 40 acres of the land on which his sister was living but desired to sell all of the remainder and that he was undertaking to sell to Johns-Manville Company all of the land other than the 40 acres occupied by his sister and the 370 acres included in the option to Shurley, but he was unable to make a satisfactory deal with Johns-Manville Company. Mr. Lauchly frankly testified that he would not sell a part of the land unless he could sell it all and that he would not have closed the deal between December 1st and 10th unless Johns-Manville had taken the remainder of the place. It is evident from this testimony that a tender before the trial would not have availed of anything.

Griffith's Chancery Practice, Sec. 523, p. 537, says: "And again, ▮▮ ▮ a strict tender is not necessary when the defendants repudiate any obligation on their part, or where it is evident from the facts of the case that any tender would be refused by the defendants, so that if made it would be but an idle and unnecessary ceremony, it being sufficient in such a case to offer in the bill to do whatever equity may require, or to pay whatever amount should be found by the court to be due."

In Bonds v. Rhoads, 203 Miss. 440, 445, 35 So. 2d 437, it is said: "Manifestly, from the proof in this record, the defendant Bonds would not have accepted the $14,000.00 or that amount plus the interest thereon if the sum had been carried and offered to him at any time prior to the rendition of our former decision which required that he convey the property to complainant. In the case of McLain v. Meletio, et al., 166 Miss. 1, 147 So. 878, 879, is to be found the following statement: 'The law does not require one to do a vain and useless thing. A formal tender is never required where it appears that the money if tendered would not have been received. 26 R. C. L. 624, par. 3.' And in the case of Sovereign Camp. W. O. W. v. McClure, 176 Miss. 536, 168 So. 611, 612, 170 S. 293, it is stated: 'Failure to make a formal tender may be excused if it appears that the tenderee would not have accepted the tender if made; but to avail himself thereof, the tenderer must show that he was able and desired to make the tender.' We are therefore of the opinion that what was done by the complainant was at all events sufficient to entitle him to maintain this suit for specific performance, since he is shown by the proof to have been ready, willing and able to pay whatever amount the court should have adjudged to be legally due as a consideration for the execution of the deed in his favor."

In Hesdorffer v. Welsh, 127 Miss. 270, 90 So. 3, it is said: "It would have been a vain and needless thing to have counted out the money in actual coin when Hesdorffer had absolutely refused to accept it. The bill offers to pay the money into court, and it was a sufficient tender under the circumstances of the case."

In Gannaway v. Toler, 122 Miss. 111, 139, 84 So. 129, the Court said: "We think under the facts and circumstances of this case the appellees were not required to make a tender of the amount due appellant before filing their bill for specific performance. The offer in their bill to pay whatever amount that might be due the ap-

pellant and to perform any other thing that might be decreed by the court was sufficient for the purpose of maintaining the bill for specific performance under the contract.''

To the same effect see Peirce v. Halsell, 90 Miss. 171, 43 So. 83, and Byers v. McDonald, 99 Miss. 42, 54 So. 664.

Under the above authorities we are of the opinion that it was not necessary for appellee to tender the cash and notes with the filing of the bill of complaint or before the filing of the same and that a tender at the time of the trial was sufficient to fully comply with every obligation placed upon appellee by the option, and the decree of the lower court is accordingly affirmed.

Affirmed.

*McGehee, C. J.,* and *Lee, Arrington* and *Ethridge, JJ.,* concur.